Judge Marshall
delivered the Opinion of the Court.
Upon the plea of “in nullo est erratum>” to a wirt of error coram vobis, the Circuit Court ordered the writ to be quashed: from which, the plaintiff has appealed; and the only question now to be decided, is, whether the error alleged in the writ is available in that mode of proceeding.
The writ alleges that the judgment therein recited, had been rendered against the plaintiff, on the return of process as duly executed on him by the sheriff; but that in fact, the process had not been executed, and the return was false. The plea Hn nullo est erratum’ is in the nature of a demurrer, and makes the question whether the writ on its face is maintainable: that is, whether the fact can be enquired into in this proceeding, or whether, if true, it can affect the judgment previously rendered.
This, question has never been decided by this Court, nor have we found in our books of reports, any trace of an attempt to vacate a judgment by writ of error coram vobis, on the ground of the error in fact now alleged. The absence of precedents upon the question, affords very strong evidence, either that the fact itself which is alleged for error in this case, is of exceedingly rare occurrence, or that it has been the prevailing opinion of the profession, that such a fact cannot be alleged with effect in this mode of proceeding. Both of these conclusions are probably true. But it may be anticipated with certainty, that, if it be established by the authority of this Court, that the fact now alleged may be thrown open to. the enquiry of a jury upon a writ of error cor am vobis, and with the effect of vacating the judgment, if the issue be found for the plaintiff in the writ, it will not be long before the Courts, and probably the books, will abound with cases in which a similar allegation will *151 be resorted to. And considering the length of time within which the writ may be prosecuted after judgment, and the great latitude of proof and of discretion necessarily allowed in jury trials, there can be little doubt that, in many cases, the issue will be found for the complaining party, upon proof of a very vague and indefinite character. The conclusive effect which has been uniformly attributed to the sheriffs return, as between the parties, the verity of judicial records, the stability of judgments, and the validity of titles held under the authority of judicial proceedings, would thus be greatly weakened; and that confidence with which the public has a right to repose upon the solemn judgments and records of a Court of Justice, would be vitally impaired.
It is true that, where the original judgment is rendered upon the sheriff’s return of due service of process, and the return is absolutely false, the defendant may be subjected to great injury. But if there be no other mode of redress, the sheriff who has made the false return, and his sureties, are liable to make compensation to the exact extent of the real injury suffered; and however the fact may sometimes turn out to the contrary, it is certainly the intendment of the law, that the sheriff and his sureities are sufficient to answer all official responsibilities. It is, however, to be considered, that, if on the one hand, a defendant may possibly find himself remediless against an unjust judgment founded upon a false return, the plaintiff may, also, find himself equally remediless against the injury which he would sustain by the vacation of a just judgment in his favor, founded upon a false return in the procurement of which he had no agency. But we do not weigh these possible contingencies for the purpose of striking a balance between the comparative losses which plaintiffs or defendants might sustain, from the determination of the present question .in one way or the other.
The question is one of much broader extent, and in. volves consequences much more important and serious. It is a question whether, from a consideration of the possible injury which may sometimes occur to an individual, -we shall establish a precedent, which will vitally *152 affect the foundation and impair the security of all judg* ments. And this, with our present views of the subject, we are not disposed to do.
In the case of the Sergeant of the Court of Appeals vs. George, (5 Litt. 200) this Court strongly intimates the opinion that it is incompetent ‘for a party even in Chancery, to aver and prove the falsity of a return, made by a proper officer, in a collateral mode, without a direct proceeding against the officer himself.’ And in the case of Taylor vs. Lewis (2 J. J. Mar. 400,) the same opinion is expressed without qualification. Whether any other ‘direct proceeding against the officer,’ except a suit for a breach of official duty, is referred to in these cases, need not now be enquired. It is evident, that the Court recoils from the consequences of vacating the judgment, under any averment and proof directly contradicting the verity of the returning officer, and in a proceeding to which he is dot a party. And, as he is not, and cannot be, a party to the writ of error coram vobis, under its present form, the conclusion that his return cannot in that writ, be directly contradicted, for the purpose and with the effect, if it be false, of vacating the judgment, is sufficiently supported by those cases. And we know of no adjudged case in which the contrary is determined. The conclusion at which we have arrived, rests, moreover, upon the well establised general principle, that the officer’s return upon mesne process, so far as relates to the pi’oceeding in which it is made, is conclusive between the parties, unless procured by the fraud of one of them; and upon the necessity which exists for giving absolute credence to it, as well that the Court may know that it is authorized to proceed upon it, as that its proceedings, when founded on such evidence of authority, shall not, when completed, be afterwards invalidated or questioned for the want of authority in that respect.
We are, therefore, of opinion that the writ of error coram vobis cannot be sustained upon the single allegation, that the sheriff’s return of service upon the original process is false; and that the Circuit Court did not err in quashing the writ. Consequently, the judgment must be affirmed.