JUDGE WILLIAMS
delivered the opinion op the court:
The statement of the clerk in the record is, that alias summons issued against the defendant, Robinson, July 4, 1866, “which appears, has never been returned.” Notwithstanding which, at the September term judgment was rendered by default, reciting that “ the defendant having been duly summoned and failing to answer.” Without any motion to set aside the judgment for a clerical misprison, this appeal is prosecuted and this error assigned.
By section 740, Civil Code, it is made the duty of the clerk to enter upon the docket the name of every defendant summoned, and the day of the service upon each one, which entry shall be evidence of service of the summons, in case of the loss thereof.
*197 By section 397, Civil Gode, judgment is defined to be “ the final determination of the lights of the parties in the action.” It clearly is no part of the judgment of the court to state whether the process has been executed or not; this statement is generally adopted as a convenient form by the clerks.
As the statement of the clerk shows an absence of the process, had it been executed and returned, an entry of the fact should appear on his docket; and as this does not appear, his statement that it has never been returned is made to account for no such entry appearing, and must be regarded by us as true.
The entry on the docket by the clerk is only required when the summons has been executed; and then, in case of loss of the process, it is to be the evidence; if the process be not lost, of course it testifies for itself; so in either ease the recital in the judgment is not the evidence.
But we cannot see how this error can avail here, until the court rendering the judgment shall, upon proper motion, first act upon it as by section 578, rendering judgment before the action stood for trial, shall be deemed a “ clerical misprision.”
And by section 577, a misprision of the clerk is no grounds for an appeal until it has been- presented and acted on by the court rendering the judgment.
We think the petitiop does show a cause of action, and therefore the second error assigned is unavailing. Wherefore, the judgment is affirmed, with damages.