CASE 9—PETITION EQUITY—JUNE 4.

# Allen vs. Graves, &c.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. For effectuating the trust most safely and beneficially, the common law authorized the trustee, with the sanction of a court of equity, to reinvest, and for that purpose to sell and buy when useful.

2. An estate held for life, or in trust for life, with remainder over to children, &c., by proper proceedings under the act of February 16, 1858 (2 *Stanton*, 314), may be sold and reinvested; and the purchaser of the land so held and sold by decree of the court is invested with a valid and secure title.

3. The purchaser of land at a decretal sale, may except to the confirmation of the commissioner's report of sale, and may prosecute an appeal to the court of appeals, to reverse the judgment of the lower court, on such exceptions.

KINKEAD & BUCKNER,                    For Appellant.

KINKEAD & DARNALL,                    For Appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The will of Edward M. Le Grand bequeathed to his niece, Mary J. Keene, ten thousand dollars, "to be invested for her use and benefit, and the interest paid to her semi-annually; and, in case of her arriving at maturity and marrying, the said sum to be entailed on her children, if any. Should she die leaving no progeny, then to go to her brothers, Ed. L. and Robert Keene."

The trustee appointed by the will having abdicated the trust, and the said Mary having attained majority and married George Graves, the chancellor of Fayette, where they reside, appointed him the trustee. Afterwards, he, in his fiducial character, invested the ten thousand dollars in a tract of land in said county.

Ed. L. Keene having died an infant, and a child of the marriage still surviving, the trustee, as such, and as next friend of the infant, Richard Keene, and of his own infant child, filed a petition in the Fayette circuit court for a reinvestment in another and more eligible tract of land, to which his wife, as defendant, assented in her answer on privy examination; and, on abundant proof that the proposed transfer of the investment would be beneficial to all parties concerned, the court, for the purpose of effectuating it, decreed the sale of the trust land, and a reinvestment of the proceeds in another designated tract bought for that purpose.

The appellant, apprehending fatal irregularities in the decretal sale, at which he was highest bidder, excepted to the confirmation of the commissioner's report; and being overruled, and required to execute his contract, he appeals to this court, for the avowed purpose of obtaining its judicial assurance of a valid title, which, he says, that he prefers to a vacation of the sale.

The only questions suggested or perceived as to the title, are—1st. Whether the testator contemplated an investment *only* in stocks or some other pecuniary fund yielding interest; and, 2d. Whether the proceeding for the sale is so far legal and regular as to bind the married woman and the infants.

1st. As land is the most secure trust fund, and may yield a good annual or semi-annual profit, we presume that the investment, as made, was not inconsistent with the provident intention of the testator, and was, therefore, authorized.

2d. Had the sale been authorized only by the 3d *article of chapter* 86 *of the Revised Statutes*, a non-precise conformity to the requisitions of that law might subject the appellant's title to some ulterior hazard.

But the authority of that statute was not necessary in this case *for fulfilling a trust.*

For effectuating the trust most safely and beneficially, the common law authorized the trustee, with the sanction of a court of equity, to reinvest, and, for that purpose, to sell and buy whenever found useful; and this, in just such a case as this, is recognized and positively enacted by an act of 1858. (*2d vol. Rev. Stat., p.* 314.)

The proceedings and decree in this case are, in all essential particulars, fully conformable with that enactment.

Wherefore, seeing no available error or ground for doubting the validity and security of the appellant's title, we approve and affirm the judgment of the circuit court.