JUDGE ROBERTSON
delivered the opinion of the court.
This is a judgment by default for enforcing a lien on land- for an unpaid balance of the price. The decree recites that the summons had been served in due time; hut there is no other evidence of any service than a summons indorsed “ executed,” without any signature to the return.
The appellants insist that there is no judicial evidence of service, and that therefore the judgment is void, and the error not a mere clerical misprision in entering the judgment prematurely before the case stood for trial. On the contrary, the appellee resists a reversal on the assumption that the error is a clerical misprision, only correctable in the first instance in the circuit court, and therefore not revisable by this court, as there was no motion for correction in the court below.
As the decretal recital was merely formal, it is not sufficient evidence of service without any other proof. (Robinson v. Mobley, 1 Bush, 196.) And the apparently unofficial return is no such proof as hitherto adjudged by this court in Lesley v. Martin, Ms. Op. 1855. And this court, on a review of the cases, decided, in Ruby v. Grace, 2 Duvall, 540, that a judgment without appearance or citation is void, and not correctable as a clerical misprision. And this latter case is sustained hy the only rational and consistent construction of section 578 of the Code, and is conclusively fortified by judicial recognitions, tacit and express, ever since, with the solitary exception of the case (supra) of Robinson v. Mobley, 1 Bush, 196. The decision in that case, referring to no authority, was evidently an inconsiderate, and inadvertent mistake, which can not be recognized as an authority intended to overrule the then recent decision in Ruby v. Grace, and is therefore itself overruled so far as those cases conflict.
*396 After service of process, a judgment by default before tbe case could be legally set for bearing or be tried is, according to tbe Code, not void for want of jurisdiction, but bas been adjudged a clerical misprision. But when there bas been no service that gives tbe court jurisdiction, tbe case can not be set for hearing or tried without consent; and judgment without appearance or consent is necessarily void, and can not be consistently deemed a mere clerical misprision.
In tbe first class of cases notice of tbe pendency of tbe suit enables tbe party notified to move to set aside a “premature” judgment; and if be fail to do so tbe fault may be properly irremediable in this court. But in tbe other class of cases, there being no notice, actual or legal, of tbe pendency of tbe action, there can be no imputable delinquency on failing to appear at any time or for any purpose. And it would be as unreasonable as if no summons had 'ever been issued or action brought to treat tbe judgment otherwise than as a legal nullity, which' tbe court bad no jurisdiction to pronounce as a judicial sentence.
This radical distinction in principle may harmonize apparently discordant dicta, and places this case in tbe category of a void judgment, which must be reversed by this court.
Upon tbe record as presented here we can not adjudge that tbe summons was ever served; nor is it our province to inquire why, if ever served, the appellee’s counsel, by a corrected return or testimony aliunde, never even yet showed tbe fact on tbe record.
Wherefore tbe judgment is reversed, and the cause remanded for further proceedings.