*Thompson,* for appellant.

*Pirtle & Caruth,* for appellee.

---

ZADOCK KIDD *v.* THOMAS B. HULL ET AL.

**Evidence—Impeachment of Sheriff's Return on Summons.**
  In the absence of fraud or collusion, with a plaintiff, a sheriff's return
  as between the litigants is conclusive, and parol evidence is not admissible
  to impeach it.

**Same.**
  This rule will apply, through the testimony of the sheriff and others
  conduces strongly to the conclusion that the summons was not executed
  as required by section 74 of Civil Code.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 11, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This appeal is from a judgment dissolving an injunction obtained by the appellant, of a judgment against him in favor of the appellee, and dismissing the action.

The foundation of the judgment which was enjoined was an alleged indebtedness of the appellant, to Richard Ware, a debtor of the appellee; and although the papers of that suit seem to have been lost, the judgment appears to have been rendered against the appellant, by default, as a defendant in the action, duly before the court by service of process. Nevertheless, the grounds of the injunction, as alleged, were that the appellant was not indebted to Ware, and was not in fact summoned as a defendant in the action, and that the judgment was, therefore, void.

The parol testimony of the sheriff and others conduces strongly

to the conclusion that the summons was not executed as required by section 74 of the Civil Code, notwithstanding the return made by the sheriff, as established.

But there being no evidence of collusion between the sheriff and the appellee, or of fraud in the latter, the return of the sheriff as between the parties was conclusive and parol evidence was not admissible to impeach it. (*Caldwell vs. Harlan, 3 Monroe, 349; Shaffett vs. Menefee, 4 Dana, 150.*)

The court, therefore, properly dissolved the injunction and dismissed the petition.

Wherefore, the judgment is *affirmed*.

*Holt*, for appellant.

*Turner*, for appellees.