## R. T. DURRET *v.* C. J. BOUCHE.

**Executions—Failure to Indemnify Sheriff—Return No Property Found— Truth of Return.** `

The right to require a bond of indemnity is based on the fact that the officer doubts whether or not the property is subject to the levy and sale, and the failure of the plaintiff in the execution to give the indemnity does not lead to the conclusion that the return is false. The creditor's right to resort to equity does not depend on the truth of the return of the officer, but upon the fact that the execution has been returned, "No property found." Such return is conclusive between the parties and its verity cannot be enquired into without making the officer a party.

**Fraudulent Conveyance—Property Sufficient to Satisfy Both Debts— Equity of Redemption.**

In an action to set aside a conveyance as fraudulent, if the petition shows that the mortgaged property is sufficient to pay both debts, the equity of redemption, only, will be adjudged to be sold to satisfy plaintiff's debt.

**Judicial Sales—Equity of Redemption—Purchaser's Bond.**

The judgment upon which the equity of redemption in mortgaged property is directed to be sold should require the purchaser to execute a bond, to the effect that the property shall not be removed out of the county, and shall be preserved and forthcoming to answer the incumbrance cited by the mortgage, as in sales of such property under execution.

**Liens—Mortgage Lien—Attachment Lien—Mortgagee Must Foreclose.**

As the mortgagee's debt is due, she should be required to foreclose her mortgage and if she fails to do so, her lien of the mortgaged property should be disregarded and the property sold to satisfy appellee's judgment.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 14, 1871.

OPINION BY JUDGE LINDSAY:

Charles Bouche recovered a judgment in the Jefferson Court of Common Pleas against Durret and Cain for the sum of nine hundred and thirty-two dollars and thirty cents, with interest and costs.

Execution was issued thereon and placed in the hands of the sheriff of Jefferson County, and was in due time returned with this indorsement: "Plaintiff refusing and failing to give the indemnifying bond, I return this fi. fa. no property found." Bouche then instituted a suit in equity in the Louisville Chancery Court under the provisions of Section 474 of the Civil Code to enforce the collection of his judgment. Alleging that his execution had been returned in substance "no property found," and calling upon Durret for a discovery of assets, he set up the further fact that on the 20th of April, 1869, four days before the rendition of his judgment, Durret had executed to Mrs. E. T. Bates a mortgage on household and kitchen furniture, books, pictures, musical instruments, etc., to secure the payment of an alleged debt of two thousand dollars that day contracted. He charged that said mortgage was made with the fraudulent design of hindering and delaying creditors, and having made Mrs. Bates a party defendant, prayed that the same be set aside and the mortgaged property subjected to the payment of his judgment. He also sued out an order of general attachment which was levied on the property embraced in the mortgage.

Durret and Mrs. Bates each answered, denying all fraud in the execution of the mortgage, and on the hearing the chancellor rendered judgment subjecting Durret's equity of redemption in the mortgaged property to the payment of Bouche's judgment, and Durret brings the case to this court by appeal.

It is insisted that the court had no jurisdiction and that this fact appears upon the face of Bouche's petition. The Code of Practice gives the judgment creditor the right to resort to equity for relief. "After an execution of *fieri facias*, directed to the county in which the judgment was rendered, or to the

county of the defendant's residence, is returned by the proper officer, either as to the whole or a part thereof, in substance, no property found to satisfy the same." Civil Code, Section 474.

In this case there can be no doubt but that the sheriff did return the execution "no property found." It is true that he couples with this return the fact that the plaintiff had failed to give an indemnifying bond, but it does not necessarily follow from this that the defendant had property subject to execution upon which he might have levied.

By Section 709 of the Civil Code an officer who is required to levy an execution on personal property and who doubts whether it is subject to execution may require a bond of indemnity.

The right to require the bond is based upon the fact that the officer doubts whether or not the property is subject to levy and sale, and this doubt, strengthened by the refusal or failure of the plaintiff in the judgment to give the indemnity, certainly does not lead to the conclusion that the return of *nulla bona* is false. If it did we do not see that this would prevent the creditor from resorting to equity. His right does not depend upon the truth of the return of the officer, but upon the fact that his execution has been returned, "either as to the whole or a part thereof in substance no property found to satisfy the same." Such return is conclusive between the parties unless procured by the fraud of one of them, and its verity can not then be inquired into without making the officer a party. *Shoffet v. Menifee*, 4 *Dana* 150.

The appellee upon his cross-appeal complains that the court erred to his prejudice in not adjudging the conveyance to Mrs. Bates fraudulent and void, and subjecting the property itself instead of Durret's equity of redemption therein to the payment of his debt.

We deem it wholly unnecessary to inquire into this branch of the case, as the petition of appellee shows that the mortgaged property is amply sufficient to pay both his and Mrs. Bates' debt. The only objection to the judgment upon which appellant can rely for a reversal is the fact that it does not require the purchasers of the equity of redemption in such of the mortgaged property as may be sold, to give bond; that the same shall not be removed out of the county, and shall be preserved and forthcoming, unavoidable accidents excepted, to answer the encum-

brance created by the mortgage, as required in cases of sales of such property under execution. (Sec. 4, Art. 15, Chap. 36, Revised Statutes.)

Whilst we would not be understood as deciding that courts of equity are restricted in their action in making sales of encumbered property by all the limitations imposed upon officers enforcing judgments at law, still good reasons exist for requiring the purchasers of the equity of redemption in such property at sales made by the chancellor, to secure by proper bonds, its return, when the mortgage or other contract creating the encumbrance may be enforced. For this reason, and in view of the fact that it can not possibly damage the appellee, the judgment must be reversed.

As Mrs. Bates' debt is now due, upon the return of the cause she should be required either to foreclose her mortgage in case the court adjudges the same to be valid, or if she fails or refuses to do so, her lien upon the mortgaged property should be disregarded and such portion of the same as may be necessary be sold in satisfaction of appellee's judgment. If the mortgage of Mrs. Bates is held to be valid and she asks that the same be foreclosed, of course, her debt should be first paid out of the proceeds of the mortgaged property. Upon the cross-appeal the judgment is affirmed.

*Bramlette & Durrett, for appellant.*

*Allnut, Beattie, Harlan, for appellee.*