## Chandler v. Inman, et al.

(Decided November 25, 1910.)

### Appeal from Laurel Circuit Court.

1. Vendor and Vendee—Innocent Purchaser.—The rights of a pur-
chaser from a vendor who has a clear record title will not be
affected by the fraud of his vendor in procuring the title, if he
purchased without notice of the fraud or any defect in the
title.

2. Summons.—When the summons in a case is lost, but the clerk
in compliance with section 670 of the Civil Code has entered
in full upon the docket the return of the officer executing the
summons, this entry is evidence of service of the summons in
the absence of convincing evidence that it was not executed.

HAZELWOOD & JOHNSON, for Appellant.

H. C. CLAY, for Appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In December, 1882, Robert Chestnut sold and con-
veyed by title bond to W. B. Inman a tract of land in
Laurel county for $250. Fifty dollars of the purchase
money was paid in cash and the remainder was to be paid
in two equal annual payments. This title bond by as-
signment became the property of William Inman, who
died in 1893, without having paid the whole of the pur-
chase money. After his death Martha Inman, his widow,
paid the balance due on the purchase price, and in Jan-
uary, 1894, Chestnut made to her a deed for the land. In
December, 1900, Martha Inman mortgaged this land to
Sparks and Willman to secure the payment of a promis-
sory note that she executed to them for twenty-five dol-
lars. In April, 1902, Sparks, who was then the owner of
the note, brought suit in the Laurel circuit court to en-
force its collection and the lien on the land to secure its
payment. On the day the petition was filed a summons
was issued against Martha Inman, but the summons is
not in the record, as it could not be found by the clerk of
the circuit court, who testified that on the trial docket
of the court, opposite the case styled James Sparks v.
Martha Inman, there appears in the handwriting of the
lady who was deputy clerk at that time, this entry of
the return of the summons, ''Executed by summoning
the within named parties. April 12, 1902. J. D. Johnson,
C. L. C.''

At the May term, 1902, of the Laurel circuit court a
judgment by default was rendered against Martha In-

man, for the amount of the note, and an order entered directing a sale of a sufficiency of the land embraced in the mortgage to satisfy the debt. The commissioner's report of sale does not appear in the record, but there is an order showing that it was filed in October, 1902, laid over for exceptions, and in due time confirmed. There is also an order directing the commissioner of the court to make a deed to James A. Sparks for the land; and an order showing that on February 18, 1905, the deed of the commissioner to Sparks was examined, approved and ordered to record; and this deed was in due time recorded in the clerk's office of the county court.

In January, 1906, Sparks sold and conveyed by deed recorded in the proper office, this land to Green Chandler, in consideration of $350 paid in cash. In January, 1907, Green Chandler sold and conveyed by deed recorded in the proper office the land purchased by him from Sparks to the appellant William Chandler, his son, for $775.

In December, 1908 this action was brought by the widow and children of William Inman against Green Chandler, and William Chandler to recover possession of the land mentioned and damages for its detention, the petition proceeding upon the idea that William Inman died the owner of the land and that it descended under the laws of inheritance to his widow and children. In other pleadings an issue was made as to whether any summons was executed upon Martha Inman in the suit of Sparks against her to enforce his mortgage lien on the land. After the pleadings were made up, the case was prepared for trial, and a judgment rendered, awarding the Inmans the land, and allowing them one hundred dollars damages for its detention, and the appellant $400 the value of improvements placed on the land after it came into the possession of the Chandlers.

The mortgage executed by Martha Inman to Sparks was never recorded, and it is shown that in 1903 Martha Inman paid Sparks the full amount of her indebtedness to him that was secured by the mortgage. It thus appears that at the time William Chandler bought the land his vendor had a clear record title, and that when Green Chandler purchased from Sparks, his vendor had also a clear record title to the land. This being so, there are only two questions which we need consider. The first one is, was the summons executed upon Martha Inman; and the other, did Green Chandler or the appellant William

Chandler know when they purchased that although Sparks had the legal title to the land he was not in fact or in truth the owner of it, as the mortgage debt had been satisfied after the judgment was rendered and before the deed to him was made. The proceedings in the suit of Sparks v. Martha Inman are regular, and if she was summoned the judgment rendered in the action and the subsequent orders of court invested Sparks with the legal title to the land; and if the Chandlers were innocent purchasers from Sparks without notice of the fact that he did not really own the land, we are unable to perceive how the appellees can obtain any relief, however meritorious their cause of action may be. The minute on the docket of the court showing as it does that the summons was executed, would in the absence of convincing evidence to the contrary be sufficient to show that it was. Civil Code, Sec. 670. But in addition to this, the constable, J. D. Johnson, testifies positively that he executed the summons by delivering to Martha Inman a copy of it at her home in Laurel county, and after making the return, delivered it to the clerk of the Laurel circuit court. Martha Inman admits she received the summons, but says it was delivered to her, not by Johnson, the constable, but her son Cash Inman, who told her that Johnson had sent the summons to her by him and that it was in a suit Sparks had brought against her for the land. She also says that a few months afterwards she learned that the land had been sold in the suit of Sparks, but she did not take any steps to protect her interest. It is manifest that this evidence is entirely insufficient to warrant us in saying that the summons was not executed upon Martha Inman  Aside from the weight that the return on the docket book is entitled to, the evidence fully supports the conclusion that the summons was in fact delivered to Martha Inman in person by the officer.

There is absolutely no evidence to show that Green Chandler at the time he purchased the land from Sparks, or William Chandler at the time he purchased it from Green Chandler, or that either of them at any time before their purchases, or until this suit was filed, had any knowledge or information whatever that there was any defect in the title of Sparks. With the record in this condition, however much we might desire to protect Martha Inman and her children, we cannot do it at the expense of the Chandlers, who are innocent and bona

fide purchasers, and cannot be made to suffer for the fraud practiced by Sparks.

Wherefore, the judgment is reversed, with directions to dismiss the petition.