## Ramey, et al. v. Francis, Day & Company, et al.

(Decided April 13, 1916.)

### Appeal from Knott Circuit Court.

1. Appeal and Error—Judicial Sales—Validity.—An order confirming or refusing to confirm a report of sale is a final order and appealable, and until the lower court rules thereon the validity of the sale is not before this court.

2. Judgment—Setting Judgment Aside.—Errors that do not render a judgment void, but merely voidable, are not sufficient to support a motion to set the judgment aside after the term at which it was rendered.

3. **Process—Amending Return by Officer.**—An officer may, in the sound discretion of the court, amend his return upon a summons after judgment, and where the record is silent as to whether a summons shown to have been issued was executed or returned proof may be heard to supply the record.

4. **Process—Officer's Return Upon Summons—Verity.**—The verity of an officer's return on a summons cannot be questioned except upon allegation of fraud in the party benefited thereby or mistake on the part of the officer, in other than a direct proceeding against the officer or his sureties.

H. T. BAILEY for appellants.

SMITH & COMBS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE.—Affirming on the original and reversing on the cross-appeal.

On March 2, 1912, appellees, who were creditors of John Ramey, deceased, filed this suit in the Knott circuit court against the widow, the ten children and the administrator of said John Ramey, all of whom are appellants here, alleging that said decedent died intestate, the owner and in possession of a small tract of land that is described; that he left no personal property; that he left debts due appellees in the sum of ——— dollars.

Two summons and thirteen copies were issued, and a guardian ad litem was appointed for two of the children who were infants, by an order entered by the clerk in vacation, in which it is recited that said infants had theretofore been served with summons, but upon what date this order was made by the clerk does not appear in the record.

The master commissioner pursuant to an order of reference advertised for claims against said decedent's estate, and upon the date fixed having received the claims of appellees and no other, at the next term of court filed a report allowing these claims against said estate, although from the report itself it is apparent that the claims were not properly proven. The report at a subsequent day of said term, no objections thereto having been filed, was confirmed, the guardian *ad litem* filed his answer and the case being submitted, the court on July 27, 1912, entered a judgment directing a sale by the master commissioner of a sufficiency of the land to pay said claims and costs.

At a subsequent term of court the master commissioner reported that he had sold the whole of said land for the sum of $146.00, the amount of the debt, interest and costs, without stating whether or not bids were requested at the sale for the amount of the debts, interest and costs for a less quantity than the whole of the land.

The record does not show that the sale was ever confirmed; that a deed was ever made to the purchaser; or that anything else was ever done in the case until on July 16, 1914, when appellants filed the following motion in said action to vacate and set aside the judgment:

"The defendants, Sam Ramey, Kenas Ramey, Bob Ramey, George Ramey, Charley Ramey, Willie Ramey, Katherine Ramey-Thacker, Margarette Conley, Hannah Conley, Martha Conley, Mary Conley, Christena Ramey and K. J. Day, Admr., move the court that this cause of action be redocketed and the judgment rendered against them herein at the July term of the Knott circuit court, 1912, recorded in order book No. 8, on page 301, and the commissioner's deed executed by James Stamper, the commissioner to Kelley J. Day and H. C. Francis, placed upon said judgment be vacated, set aside and cancelled, because these defendants were not before the court at the time the judgment was rendered against them.

"2nd. Because the master commissioner's report was never confirmed by the court.

"3rd. Because the petition on which the judgment was rendered did not state cause of action against these defendants, and that the action was instituted to settle the estate of John Ramey, deceased, and the petition did not disclose the amount of the deceased's indebtedness to either of the parties, that is, of either of the plaintiffs in the action, nor did it disclose the value of the real estate owned by the deceased, John Ramey, at the time of his death, in which they were seeking to sell to satisfy plaintiffs' claims therein.

"4th. Because the land sought to be sold in the action was only worth about $350.00, and that at the time of John Ramey's death he left a widow and two infant children who were residing upon the land sought to be sold, at the time this suit was instituted and that same was all of the property owned by the deceased, John Ramey, at the time of his death.

"5th'. Because the plaintiffs in this action failed to prove their claims against the deceased, John Ramey, as required by law and the court had no right to enter judgment for the plaintiffs unless the claims were properly proved.

"6th. Because the master commissioner sold the whole of said tract of land to satisfy plaintiffs' demands, without offering to sell a part of same to satisfy plaintiffs' claim. And for the reasons above stated the judgment rendered herein is absolutely void and that the sale and master commissioner's deed executed under the said judgment are void.

"Wherefore the plaintiffs pray the judgment of the court."

On November 18, 1914, appellants moved to redocket the case and set aside the judgment. On March 12, 1915, appellees moved the court to permit the ex-sheriff to amend his return on the summons, which motion was sustained by the court, but the amended return is not in the record.

The return of the officer upon the summons stated that the summons had been executed upon all but two of the defendants. The court after hearing testimony upon the question whether or not the defendants were before the court when the original judgment was rendered, entered a judgment adjudging that the two defendants, who by the record were shown not to have been summoned, had been summoned in fact and were before the court when the judgment was entered, but that three of the defendants, who by the return on the summons were shown to be before the court, had not been summoned in fact and were not before the court when said judgment was rendered; and the court thereupon set aside and held for naught the judgment, sale and deeds to the purchaser and his vendee, in so far as same affected the interests of the three appellants whom the court held had not been summoned when the judgment was entered, but holding said judgment, sale and deeds valid and binding against the other parties to said action. It will be seen from this judgment that a deed had been made to the purchaser, and that the purchaser had conveyed the land to another, who is not a party hereto.

Appellants are appealing from so much of said judgment as held valid the former judgment, sale and deed to said land, and appellees have been granted in this court

a cross-appeal from so much of said judgment as held invalid and set aside said former judgment, sale and deed so far as same affect the interest of Martha Conley, Charley Ramey and Willie Ramey who were held not to have been before the court when the judgment was entered.

The first reason assigned in the motion to set aside the original judgment in this case is the only one of the six set out in said motion that presents any difficulties, and is the only one that seems to have been considered in the lower court or that is seriously argued here; so, for convenience, we will leave it until the last and first dispose of the others in their order.

1. The second reason assigned in said motion is that the master commissioner's report of sale was never confirmed by the court. It is true that the record does not show that this report was ever confirmed, or that deed was ever made to the purchaser of the land, but those facts do not constitute ground for setting aside the judgment ordering the sale. The validity of a sale is distinct from the validity of the judgment. Bean v. Haffendorfer, 84 Ky. 685; and an order confirming or refusing to confirm a sale is a final order and appealable. Dawson v. Litsey, 10 Bush 408; Kincaid v. Tutt, 88 Ky., 392; Allen v. Graves, 3 Bush 491; Hughes v. Swope, 88 Ky. 254. The trial court has not yet disposed of this question and until it does the validity of the sale is not here. The same condition exists with reference to the sixth ground assigned.

2. The third, fourth and fifth reasons assigned in said motion, if true, would not render the judgment void and are not grounds for setting aside the judgment upon motion in the trial court, and if the parties were before the court, they are precluded by the judgment as to each of these matters, and cannot now complain thereof.

3. The first reason assigned in said motion to set aside the judgment is that the defendants were not before the court at the time the judgment was rendered against them. The officer's return upon the summons in the record shows that summons had been executed upon all of the defendants except Kenas Ramey and Bob Ramey; that a guardian *ad litem* had been regularly appointed for the two infant defendants Charley Ramey

and Willie Ramey after service of the summons upon them, and that he had filed his answer.

The record further shows that two sets of summons had been issued by the clerk when the petition was filed, and that but one of said summons was to be found in the papers. Upon this question the court permitted evidence to be introduced on behalf of all of the parties, from which it was shown that a summons was executed by another officer upon the two appellants not served by the officer who made the return on the summons, but that if the officer who executed the summons upon them ever made return thereof, the same had been lost.

Appellants contend that it was error for the chancellor to permit the officer to amend his return so as to show that Kenas and Bob Ramey had been summoned, or to hear proof whether or not they were in fact before the court, when the record did not show they had been summoned, but there is no merit in this contention. It has long been the rule in this State and generally that an officer may amend his return upon leave of court even after judgment and after his term of office expires. Section 49 of the Civil Code; Irvine v. Scobee, 5 Litt. 70; Newton v. Prather, 1 Duval 100; Thompson v. Moore, 91 Ky. 80; Tyler v. Jewell, 11 S. W. 25; Russell v. Durham, 29 S. W. 16, 32 Cyc. 537, 23 Cyc. 872.

And where the record is silent as to whether a summons that was issued was returned, proof may be heard to supply the record, as it is provided by section 670 of the Civil Code that the clerk shall enter in full upon the docket the return of the officer executing summons, and that the entry shall be evidence of the service if lost. And it has been held by this court that the entry is merely secondary evidence—Robinson v. Mobley, 1 Bush 196; Jones v. Edwards, 78 Ky. 6—and entitled to more weight than the recollection of the defendant and officer; Lemming v. Mullins, 6 K. L. R. 523; Chandler v. Inman, 140 Ky. 786, 32 Cyc. 540; Slatton v. Johnson, 4 Hays, 197; Jones v. Bibb Brick Co., 120 Ga. 321; Doty v. Deposit Building & Loan Assn., 103 Ky. 710.

In the instant case two sets of summons were issued and but one returned as appears from the record. From the proof heard upon the trial of the motion it was shown that Kenas and Bob Ramey were actually served with summons, presumably from the set not returned or returned but lost; they were present at the trial of the

motion and did not testify, no doubt because they would have had to admit the summons had been executed upon them. Clearly the chancellor did not err in refusing to set aside the judgment as to them; and even if it had been error, which it was not, for the chancellor to hear proof to supply, not contradict, the record, they were not prejudiced thereby, because they were entitled to the relief sought only if in fact they were not before the court when the judgment was rendered. Civil Code, section 756.

4. Appellees complain on the cross-appeal that it was error for the lower court to set aside the judgment as to Martha Conley, Charley Ramey and Willie Ramey, who were before the court on the record when the judgment was entered.

Section 3760 of the Kentucky Statutes provides:

"Unless in a direct proceeding against himself or his sureties no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

This is not a direct proceeding against the officer or his sureties, and there is no allegation of fraud upon the part of the parties benefited or of mistake upon the part of the officer.

It therefore results that the verity of the return of the officer showing that all of the defendants had been summoned except Kenas Ramey and Bob Ramey could not be called in question in this proceeding except upon the ground of fraud or mistake, and that the lower court erred in setting aside the judgment as to Martha Conley, Charley Ramey and Willie Ramey in the absence of a showing of fraud or mistake. 32 Cyc. 517; Barbour v. Newkirk, 83 Ky. 529; Utter v. Smith, 80 S. W. 447; Byers v. First State Bank, &c., 159 Ky. 135; Pribble v. Hall, 13 Bush 61; Taylor v. Lewis, 2 J. J. Mar. 400; Shoffet v. Menifee, 4 Dana 150; Thomas v. Ireland, 88 Ky. 581; Doty v. Deposit Building & Loan Assn., 103 Ky. 710.

Statements in the opinions in Francis v. Lilly's Extx., 124 Ky. 236, and Duff v. Combs, 132 Ky. 710, contrary to the plain provisions of section 3760 of the statutes, are mere dicta and are disavowed.

And even if fraud or mistake had been asserted, the vendee of the purchaser of the land was a necessary

party, entitled to notice and to be subrogated to the rights of the purchaser at the sale, the purchase money having been used to pay the debts and costs against the estate of the decedent, John Ramey, from whom appellants inherited the land subject to these charges.

Wherefore the judgment is affirmed on the original and reversed on the cross-appeal for proceedings consistent herewith.