## Davis et al. v. Tuggle's Adm'r et al.

March 3, 1944.

J. Leonard Davis, Cleon K. Calvert and Victor A. Jordan for appellants.

Guy L. Dickinson and J. J. Tye for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

When James T. Tuggle met his death in July, 1885, he left a will devising his property to his wife, Susan Tuggle, for her lifetime, with either the whole or the unconsumed remainder to his children. The will is not clear whether the widow had the right to encroach upon the corpus or was required to maintain it subject to the power of reinvestment. After the mother's death in 1939, her daughter, Mrs. Blanche Davis, and her husband, J. Leonard Davis, brought this suit against her two brothers and a sister, and one of them as the administrator with will annexed of their mother, charging her with waste in the management of the father's estate and a violation of the trust established by his will, particularly in the sale of certain portions of the land and the timber on part of it. The plaintiffs claimed that the mother had been indebted to the plaintiff Blanche Davis by reason thereof in the sum of $3,200. The petition also sought to set aside as fraudulent and preferential the conveyance to her sons of a tract owned by the mother

individually, and prayed that a lien be adjudged against that land to secure plaintiffs' claim. A settlement of the mother's estate was also asked. We have had a previous suit between these parties concerning the partition of the land remaining unsold. Tuggle v. Davis, 292 Ky. 27, 165 S. W. (2d) 844, 143 A. L. R. 1087.

A very large record was built up in this case, the special Judge observing that more than one-half of it consisted of incompetent, irrelevant and immaterial questions and answers. We agree. The court adjudged that the widow had the power and right under her husband's will to use any part of the corpus of the estate she needed in order to maintain herself and children and to educate them, and that such portions of the property as was sold and the proceeds not divided at the time among the children had been needed and used for those purposes. It was further adjudged that Mrs. Davis was entitled to her one-fourth divisible share in her father's estate remaining after the payment of her mother's debts and funeral expenses, it being found that all the property the mother had at her death had been acquired under her husband's will.

One of the defenses interposed to this suit is that the plaintiff, Mrs. Davis, is barred by a previous judgment construing her father's will in the same manner that the court construed it in this case. We do not find it necessary to pass upon the construction of the will, being of opinion that the plea of res adjudicata is sustainable.

In November, 1928, a suit for a declaration of rights and a construction of the will of James T. Tuggle was filed in the Knox Circuit Court by Susan Tuggle, the widow, against her children. It was stated that $750 had been recovered of the L. & N. Railroad Company for the negligent burning of a house on the land and that $556.42 was left for disposition after payment of an attorney's fee and expenses. The petition set up the will by a full description and attached a copy as an exhibit. It alleged that the widow was entitled to receive this money to be used for her maintenance and support, but that some of the heirs were claiming and demanding part of the money. The prayer was for a construction of the will and a declaration of rights. It was general and not confined merely to the particular fund. The judgment recites that it was being rendered upon the pleadings and exhibits and that the question involved

the construction of the will, which "settles the question as to the use and control of the money mentioned in the petition realized for the loss of the house located on the real estate. It is, therefore, adjudged by the court that the plaintiff under the will is entitled to receive and use the money as her own and for her own benefit, and it is further adjudged that if it is necessary for her expenses in the way of support and maintenance that she use said money mentioned herein above, namely, $556.42, which is ordered to be paid over to her as said executrix, and should there be any portion remaining of same at the time of her death that it be equally divided among the children of James T. Tuggle, testator."

It is argued that if it should be held that the defendant, now appellee, Mrs. Davis, was before the court and the court had jurisdiction of the parties, the judgment construed the will only in relation to the disposition of the particular fund arising from the burning of the house and did not involve the proceeds from the sale of timber or the land itself.

On the last proposition we can see no difference. The money was not income. It continued to be part of the corpus. It is an important principle in the doctrine of res adjudicata that one cannot maintain two suits on an indivisible cause of action. The construction of this will in relation to the respective rights of the widow and children in a part of the corpus of the estate certainly applied to all of it. In Smith v. Smith, 179 Ky. 365, 200 S. W. 643, we held that in a suit to declare rights to certain property a judgment in a prior suit by the same parties which involved the same clause of a will was a bar. See also Quigley's Trustee v. Quigley, 161 Ky. 85, 170 S. W. 523, 524. The fact that no defense was offered in the suit against the contentions of the widow cannot make any difference, for the rule as to the conclusiveness of judgments applies to a judgment by default or decree pro confesso. Kimbrough v. Harbett, 110 Ky. 94, 60 S. W. 836, 22 Ky. L. R. 1578.

It is vigorously contended that Mrs. Davis was not before the court and knew nothing about the previous suit. She and her husband so testified, but their testimony is of little or no competency in the face of the record. Mrs. Davis was named as one of the five defendants. The original summons has been lost. The Clerk had endorsed on the petition that a summons and

five copies had been issued on November 8, 1928. There is no entry on the step docket of the service of any of the process but this is not controlling, for it appears that in more than one-half of the cases no such entry was made. There is, however, this entry on the equity docket: ''Executed by handing a true copy of this summons to Blanche Davis, this 10th day of November, 1928. L. F. Ball, S. H. C., By H. Noe, D. S.'' The same entry appears on the docket used in 1928 and in 1929. It is explained that the initials ''S. H. C.'' meant the sheriff of Harlan County, and it is shown that L. F. Ball was then sheriff of that county, and that the defendant, Mrs. Blanche Davis, lived there. The same record shows that a sister, Mrs. Conn, was served in Garrard County where she lived. It is pointed out in the argument that there is an absence of any record of the other three defendants having been brought before the court. One of them was a nonresident of Kentucky. It is argued that because of the absence of a showing that at least one of the defendants had been served in Knox County, that the court had no jurisdiction over the other two who may have been served out of the county. No answer was filed in the case by any one. There is as much parol evidence that Mrs. Davis was before the court and knew about the case as there is to the contrary. All of this, however, goes out. Likewise the deductions and inferences based upon omissions from the record.

It is the legal presumption that a judgment is valid. The integrity and value of the administration of justice rests largely upon this principle. The presumption embraces the element of jurisdiction over the parties, acquired through regularity of the processes of the court and service thereof. The strength of the presumption increases as the years go by. He who questions the validity of a judgment bears the burden of overcoming the presumption and establishing his impeachment of the record. Dennis v. Alves, 132 Ky. 345, 113 S. W. 483; Bamberger v. Green, 146 Ky. 258, 142 S. W. 384; Wolverton v. Baynham, 226 Ky. 214, 10 S. W. (2d) 837; Goosling v. Varney's Trustee, 268 Ky. 394, 105 S. W. (2d) 178. The absence of jurisdiction must affirmatively appear of record and cannot be established by extrinsic evidence. Warfield Natural Gas Co. v. Ward, 286 Ky. 73, op. cit. 97, 149 S. W. (2d) 705, op. cit. 717. The absence of the original summons is not of controlling im-

portance in this case. It would be evidentiary and conclusive unless there was on it an affirmative showing of no service upon the party or unless destroyed by a direct attack. In its absence we have the conclusive presumption of proper service. Berry v. Foster, 58 S. W. 709, 22 Ky. Law Rep. 745. The difficulty of proving a negative in the absence of that document is realized; but in this case the record supports the affirmative presumption. We have the endorsement on the petition that a summons was issued for Mrs. Davis, for she was one of the five defendants. Such entry is not required by any statute, so absolute verity is not imported (Simpson v. Antrobus, 260 Ky. 641, 86 S. W. (2d) 544), but it is of value as secondary evidence and entitled to more weight than parol testimony to the contrary. Lemming v. Mullins, 6 Ky. L. R. 523, 13 Ky. Opin. 194; Ramey v. Francis, Day & Co., 169 Ky. 469, 184 S. W. 380. More than that, we have entries on the docket of the service of the process upon Mrs. Davis, which entries are declared by Section 670, of the Civil Code of Practice, to be evidence of the service of the summons if such document is lost, and without evidence of error or fraud so clear and convincing as to destroy all the strong presumptions surrounding such quality of evidence, the entries are conclusive. Doty v. Deposit Building & Loan Ass'n, 103 Ky. 710, 47 S. W. 433, 20 Ky. Law Rep. 625, 43 L. R. A. 551; Chandler v. Inman, 140 Ky. 786, 131 S. W. 789; Compare, Park Hill Realty Co. v. Lykins, 290 Ky. 498, 161 S. W. (2d) 602; Commonwealth Life Ins. Co. v. Combs, 251 Ky. 540, 65 S. W. (2d) 696. There was some effort made to prove the entries on the docket were irregular, if not fraudulent, but it is unavailing because it is without pleading and without substance.

We are of opinion, therefore, the judgment should be and it is affirmed.