FOREMAN et al. v. TAYLOR et al.

Court of Appeals of Kentucky.

May 4, 1951.

E. B. Anderson, John Anderson, Owensboro, for appellants.

Robert T. Sweeney, G. Wallace Thacker, Owensboro, for appellees.

STANLEY, Commissioner.

The suit by appellants, L. E. Foreman and Betty M. Foreman, is in effect for rescission and cancellation of a deed to a house and lot in the village of Maceo and for recovery of the purchase price and money spent on improvements upon the ground of fraudulent inducement to purchase it. The case rests upon whether there was a defect in the title of the grantors, Mallory G. Taylor and Ben A. Taylor, defendants, now appellees. In turn, that is determinable upon whether a certain judgment for the sale of the interests of infants is void as to them so that their interests in the property were not divested. The present judgment sustained the validity of the title.

R. M. Gibson and S. T. Gibson, brothers, held title to the lot until they died. As time went along, by descent, devise and purchase of interests in the property, the title was in many individuals, some having only a life estate. By 1945 the undivided fractional interests were measured by a common denominator of 192, and some of these were subject to life and contingent remainder estates.

A suit was then filed by Mallory G. Taylor and Ben A. Taylor and Mallory's two adult children against Ben A. Taylor's two children, Anne Scott Taylor and Benjamin Taylor, both under fourteen years of age, in which the plaintiffs set forth the sources of title and acquisition of many fractional interests in this town property and certain farm lands by Mallory G. and Ben A. Taylor. There were particularly involved the wills of S. T. Gibson and Mollie Gibson who had owned certain interests in the property, and a construction of those wills was asked. The claim was made that any devise of an interest to the children of Mallory G. and Ben A. Taylor was void because it violated the perpetuities rule. The infant defendants were properly brought before the court by the appointment of and service upon a guardian ad litem, and he made a defense. On February 7, 1946, a judgment was entered which

adjudged title to the property to be in Mallory G. and Ben A. Taylor, but that 117/192 interest in the town property was only for their lives, the remainder being in their children per stirpes. Thereupon, the plaintiffs filed an amended petition in which they set up the title as so adjudged and prayed that the farm lands be divided between the two families and, because of indivisibility, the town property be sold and the proceeds divided. It was sold by the court, and Mallory G. and Ben A. Taylor became the purchasers. Under subsequent orders the calculated worth of the remainder interests of the children, $409.00, was paid to their guardian for investment and holding subject to further orders of the court.

The present case rests upon the charge that the interests of these children in esse and in posse still remain in the property because the judgment in the Taylor suit is void as to them. The grounds upon which the charge is based are, (1) the infants were not before the court, (2) no proof was taken of the indivisibility of the property, and (3) the interests of their fathers being in conflict with their children's interest, they had no right to purchase the same at the decretal sale without permission of the court.

1. On the original petition in the Taylor suit, a guardian ad litem was regularly appointed and served with a summons. It is argued that the amended petition filed after the judgment, in which the particular relief sought was a sale of property and division of the proceeds, was a departure from the original suit or a new cause of action, and there was no service of process upon a guardian ad litem as required by Secs. 38 and 52 of the Civil Code of Practice; hence, the judgment rendered on the amended petition is void. The record shows that after the amended petition was filed, H. Randolph Kramer was appointed a guardian ad litem "for service for the defendants, Anne Scott Taylor and Benjamin Taylor, infants under fourteen years of age, and all unborn children and unknown heirs of Mallory G. Taylor and Ben A. Taylor herein." There is no record of any summons having been issued or served.

But on April 1, 1946, Mr. Kramer was again appointed as guardian ad litem.

It is very doubtful if the amended petition, more elaborately and specifically alleging indivisibility and praying a sale of the town lot, was a departure or should be regarded as an entirely new cause of action because of the inconsistent claim of title. But whether so or not, the only omission from the record of a completely proper practice is a record of the issuance or service of a new summons. The absence of the original summons is not of controlling importance. Davis v. Tuggle's Adm'r, 297 Ky. 376, 178 S.W.2d 979. The record does not show he was not summoned and it will be presumed that he was. Bamberger v. Green, 146 Ky. 258, 142 S.W. 384. The judgment recites that the parties were before the court, so the presumption prevails that jurisdiction was acquired by regularity of processes and service thereof. Newhall v. Mahan, 245 Ky. 626, 54 S.W.2d 26; Davis v. Tuggle's Adm'r, supra, 297 Ky. 376, 178 S.W.2d 979. Moreover, the appointed guardian ad litem answered and stated it was to the best interest of the infants that the property be sold. He did all that he would have been required to do if he had been formally served, and this appearance brought the infants before the court. Rosenberg v. Bricken, 302 Ky. 124, 194 S.W. 2d 60, 164 A.L.R. 525. And any children which may hereafter be born will be bound by the judgment through the doctrine of virtual representation. Masonic Widows' and Orphans' Home v. Hieatt Bros., 197 Ky. 301, 247 S.W. 34; Cox v. Corrigan-McKinney Steel Co., 248 Ky. 426, 58 S.W. 2d 625.

2. The point that the judgment is void because there was no proof of indivisibility cannot be sustained. Even before the loosening up of the strictness of observance of procedural matters where an infant's interest in land is involved by the modification of Sec. 489 of the Civil Code of Practice by the Act of 1942, amended in 1944, it was held proof of indivisibility need not be made where the court could ordinarily presume and take judicial notice that property could not be divided without materially impairing the value of the several interests therein as authorized by Sec. 490, subd. 2, of the Code of Practice. Pollard v. Hamilton, 179 Ky. 284, 200 S.W. 621. So much the more is that true under the present terms of Sub-section 10 of Sec. 489 even though Sub-section 5 still provides that the allegations of a pleading shall not be taken as confessed. Hudson v. Hightower, 307 Ky. 295, 210 S.W.2d 933. In any event, the failure to take proof would make the judgment merely erroneous and not void. Ohio Oil Co. v. West, 284 Ky. 796, 145 S.W.2d 1035.

3. The third point of attack is without merit. It rests upon the principle that the purchase by a guardian of his ward's property is voidable at the election of the ward because of the fiducial relationship. Obviously, that has no application here. Certainly the purchase by the parents of the property, all of which they owned except a small contingent fractional interest, was not antagonistic to the children's interest. In any event, it could not render void the judgment or even the transfer of the title by the judicial deed.

The judgment, therefore, is affirmed.