## Hoover *against* Heim.

When actual force is used upon the person of a minor, trespass *per quod servitium amisit* lies by the father.

In trespass *per quod servitium amisit*, the plaintiff may give evidence that the consequences of the injury continued after suit brought.

ERROR to the common pleas of *York* county.

Joseph Heim against John Hoover.   This was an action of trespass for an injury done to the person of the plaintiff's minor daughter, by beating her.

The plaintiff, after giving evidence that the consequence of the injury was, that his daughter had ever since been subject to fits, offered to prove that that consequence still *continued* up to the time of the trial.

The defendant objected to the proof of consequences since suit brought.   The court (Durkee, President) overruled the objection, and sealed a bill of exception.   The jury rendered a verdict for 1550 dollars damages.

The defendant moved in arrest of judgment, on the ground that the action should have been case, and not trespass.   Motion overruled, and judgment on the verdict.

*Fisher*, for plaintiff in error, as to the form of action, cited, 10 *Johns.* 115; 1 *Mass. Rep.* 144; 5 *Greenleaf* 447; 2 *Serg. & Rawle* 358.

*Anderson*, for defendant in error, cited, 1 *Chitt. Pl.* 129, 151, *note*; 2 *Maule & Selw.* 426; 3 *Serg. & Rawle* 215.

PER CURIAM.—Perhaps either trespass or case would be sustained here; but as there was an exhibition of actual force, the former is the more proper.   The evidence that the consequences of the injury continued to be felt since the suit was brought, was evidently proper.

Judgment affirmed.