S. P. McINTIRE ET AL. v. WESTMORELAND COAL CO.

ERROR TO THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY.

Argued October 14, 1887—Decided January 3, 1888.

1. When the cause of action alleged is an injury both to the possession and to the freehold, affecting both plaintiffs though in different degrees,

Statement of Facts.

a tenant for life and the remainderman may join in case for the recovery of damages.

2. Though some of the counts in the narr. are in case and others in trespass, the writ will not be quashed if there be any count which may be sustained and a recovery in either form would be a bar to an action in the other.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 216 October Term 1887, Sup. Ct.; court below, No. 861 August Term 1885, C. P.

On August 25, 1885, an action on the case was instituted by Samuel P. McIntire and Jane McIntire against the Westmoreland Coal Company, wherein a narr. was filed on November 7, 1885, in which it was averred that S. P. McIntire was the owner in fee of a lot of ground in Jacksonville, a village in North Huntingdon township, and that Jane McIntire had the use of said property during her lifetime; that upon said lot the plaintiffs had a hotel property, dwelling, stable and other buildings and until of late there had also been thereon a never-failing well of water; that the said lot was underlaid with the Pittsburgh seam of coal, valuable in itself and necessary to support the surface of the lot and preserve the flow of water in and to said well; that the defendant company were and had been the owners of said seam of coal underlying the land adjoining the said lot of the plaintiffs, and had entered into, mined and carried away the said seam of coal under said lot without allowance or permission from the plaintiffs, and in so doing had broken the overlying strata in such manner that the well had been destroyed, whereby among other injuries set out, the value of the hotel property had been destroyed. To this narr. the defendant pleaded not guilty.

On February 10, 1886, on leave granted, the plaintiffs filed an amended narr. in seven counts, setting forth the same cause of action and averring that the defendant company "with force and arms, etc., broke and entered," etc., and carried away large quantities of coals, and thereby caused the overlying strata to become cracked and opened, whereby, etc.

On February 23, 1887, the cause coming on for trial, leave was given to withdraw the plea filed and eo die the defendant filed a motion to quash the writ and the narr. for the reason:

Because the plaintiffs have no joint cause of action, nor unity of title, estate or possession: The law gives different remedies to the plaintiffs; to the life tenant in possession, an action of trespass, and to the remainderman, an action on the case.

From a reference in the original narr. to a recorded conveyance, it was found that the plaintiffs' lot was formerly of the estate of Hugh McIntire, deceased; that the fee subsequently became vested in Samuel P. McIntire subject to a dower interest in Jane McIntire, widow of said deceased, and that thereafter Samuel P. McIntire conveyed the lot to Jane McIntire "to be used and enjoyed by her during her natural life or as long as she occupies it."

After argument of the motion to quash, the court, HUNTER, P. J., on April 16, 1887, filed the following opinion and decree :

This is a joint action brought by Samuel P. McIntire and Jane McIntire. All we can look at is the record, which informs us that the action is in case, that the narr. contains numerous counts, some of which are for trespass, and that Jane McIntire has not only exclusive possession, but the right of possession, while Samuel P. McIntire has neither the possession nor the right of possession, but the remainder in fee. Therefore, they are not tenants in common and have not a community of interest. Apart from this, the declaration discloses the fact that one injury was done to Jane McIntire by interfering with her possession, or rather the enjoyment of the same, and that another injury was done to S. P. McIntire by a destruction of the freehold. The coal mine underlying the land was unopened, and therefore the tenant for life could not disturb or move it and had she attempted to do so the remainderman could have prevented her; so that in this respect at least the rights of the parties plaintiff are not only not in common but antagonistic.

Now we have said that some of the counts are in trespass or at least sound in trespass, and there is nothing better settled than that to support trespass to lands there must be in the plaintiff either an active possession or the right of immediate possession. This Samuel P. McIntire had not, but Jane Mc-

Intire had both, and how could these plaintiffs be joined. If the possession of Jane McIntire was directly disturbed, she could bring her action of trespass, whether done by the coal company or their employees, Samuel P. McIntire, or any one else. On the other hand Samuel P. McIntire, as remainder-man, could only complain of waste, and his remedy would be by an action on the case. In a word, if the possession of Jane McIntire was disturbed she had her remedy. If waste was committed, Samuel P. McIntire had his remedy, and these rights are separate and distinct. We need not cite authorities in this regard. The rule is an elementary one and does not need the citation of authorities. But it is contended by plaintiffs' counsel that this application comes too late inasmuch as that it is in the nature of a plea of abatement, and that a plea in bar having been heretofore entered, it is now too late to raise the question. In reply to this we may say that the declaration was amended, and while the defendants might have gone to trial on their plea as entered, yet they clearly had the right to amend or withdraw the plea so as to meet the amended declaration, and thus to plead over. We need not, however, rule the question on this technicality, because our Supreme Court have held in McDonald v. Simcox, 98 Pa. 619, that in action ex delicto, if too many persons are made co-plaintiffs, advantage may be taken of it at any time.

This is clearly a case of misjoinder, and there is no use in going on with the case. We had better stop here and begin in the new, which both parties plaintiff will have the right to do if they desire.

And now April 16, 1887, writ and declaration quashed.

Thereupon the plaintiffs took this writ assigning said opinion and order as error.

*Mr. Welty McCullough* and *Mr. John F. Wentling* (with them *Mr. D. A. Miller*), for the plaintiffs in error:

1. Case is the proper remedy against a corporation for a tort committed by a trespass of its agent, unless where the act complained of was the act of the corporation by its board of directors: 3 Bl. Com. 122*; Steph. Pl. 15; 1 Chit. Pl. 133*; 2 Tr. & H. Pr. 604; Chestnut Hill Turnpike Co. v. Rutter, 4 S. & R. 16: Rathbone v. Navigation Co., 2 W. & S. 80;

Breckhill v. Turnpike Co., 3 Dall. 496; P. W. etc. R. Co. v. Trimble, 4 Wh. 47.

2. One may waive the trespass and sue in case for consequential damages: 1 Hilliard Torts, 81; Faukanphal v. Camp, 55 Ill. 169; Smith v. Rutherford, 2 S. & R. 358; 1 Sm. L. C., 798, 806; Van Dresor v. King, 34 Pa. 201; Platt v. Hospital, 6 W. & N. 346; Smith v. Meanor, 16 S. & R. 376; 2 Greenl. Ev., § 224.

3. In this case there are two plaintiffs who have suffered a joint damage, and, though their interests are several, the action is properly a joint action: 2 Greenl. Ev., § 227; Schuylkill Nav. Co. v. Farr, 4 W. & S. 363; 1 Chit. Pl., 64*, 65*, 66*; Hart v. Evans, 8 Pa. 13.

4. The trespass is averred by inducement. Jane McIntire is in possession, S. P. McIntire out of possession. But there being a joint injury, they were compelled to bring a joint action on the case: Meyer v. Horst, 106 Pa. 552; Yerger v. Warren, 31 Pa. 322; Platt v. Hospital, 6 W. N. 346; Ripka v. Sergeant, 7 W. & S. 9; 1 Chit. Pl. 126*; 1 Sm. L. C., 218*; C. V. R. Co. v. Hughes, 11 Pa. 141.

*Mr. Jas. S. Moorhead* (with him *Mr. John B. Head, Mr. J. A. Marchand* and *Mr. Paul H. Gaither*), for the defendant in error:

When two or more persons have a common right and sustain a common deprivation of that right, they may maintain a common action because they can have a common judgment. All evidence pertinent to the wrong upon one is pertinent to the wrong upon the other. There is no community of interest in this case which will justify the joinder. Temporary losses of trade and temporary inconveniences from the alleged injuries are not subjects of recovery by the remainderman; permanent injuries to the freehold do not concern the tenant for life. The judgment is the criterion as to the joining of counts; there cannot be two different judgments in one action: Malin v. Bull, 13 S. & R. 441; Peries v. Aycinena, 3 W. & S. 70; Boggs v. Curtin, 10 S. & R. 211; Mosgrove v. Golden, 101 Pa. 605. The drift and tenor of Schuylkill Nav. Co. v. Farr, 4 W. & S. 363, indicate that a joint interest is necessary to support a joint action. Having no joint or com-

mon right in the property alleged to have been injured, we submit that the plaintiffs can have no joint or common action for the recovery of damages.

OPINION, MR. JUSTICE PAXSON:

This was a joint action on the case brought in the court below by Samuel P. McIntire and Jane McIntire against the Westmoreland Coal Company.   The plaintiffs were the owners of a piece of land, of about half an acre, in Westmoreland county, upon which were erected a hotel and other buildings. The surface of said land was underlaid with a valuable vein of coal.   It is alleged that the defendant company owned all the land surrounding the lot of the plaintiffs, and, in the course of its mining operations, had mined and taken away all the coal beneath the surface; that they had so negligently mined the same as to leave insufficient props, by means of which the surface had cracked in many places, and that by reason thereof a valuable well of water on the premises had been destroyed. It appeared that Jane McIntire, one of the plaintiffs, had a life estate in said premises, and that Samuel P. McIntire, the other plaintiff, was the remainderman.   As before stated, the action was joint, and they counted for the entire damages done to the property by reason of the alleged unlawful acts of the defendant company.

The narr. as originally filed was in case.   An amended narr. was subsequently filed containing several counts in trespass vi et armis.   Subsequently a motion was made to quash the writ and narr.   We do not know the precise ground upon which this motion was made, as we are not furnished with a copy of it.   It was treated in the argument and the paper-books, however, as in the nature of a special demurrer, and the ground of it a misjoinder of parties.   The court below quashed both writ and narr. and turned the plaintiffs out of court.

There can be no doubt that the life-tenant might have brought her action of trespass for the disturbance of her possession, and the remainderman might have brought an action on the case for the injury to the reversion.   That is not the question, however.   We are to consider whether they had the right to join, and in one action sue for the injuries to the

possession and the remainder. We may observe here that we are unable to see how such joinder could possibly injure the defendant. A recovery in such suit would be a bar to any subsequent action by either for the same cause. Aside from this, the defendant will have to incur the risk of having to pay more money with two actions than with one, besides additional costs. The only inconvenience in the case, which we can see, would be the difficulty of apportioning the damages, in case of a recovery, between the life-tenant and the remainderman. But this is a difficulty with which the defendant has no concern. He would be protected in any event.

The law abhors circuity and multiplicity of actions. In the somewhat analogous case of the assessment of damages for land taken by a railroad company by virtue of the right of eminent domain, the law permits all the damages to be assessed upon one petition, whether such damages be sustained by tenant for years, tenant for life, or remainderman. It is true this is a statutory proceeding, and we are not embarrassed in such cases by the refined distinctions of the common law in regard to pleading and forms of actions.

If there is a single count in the narr. that can be sustained the writ should not have been quashed. It is not enough to show that some of the counts are in case, while the counts in the amended narr. sound in trespass. If it be true, as assumed by the court below, that the mine was unopened when the life-estate commenced, and that the life-tenant had therefore no interest in it, the fact remains that she had an interest in the surface and the well of water, and to the extent these were injured, she had a right of action. That action might have been trespass, in which she would be entitled to recover for the actual injury, and also damages for the force employed according to the circumstances; or she might have waived the force and sued in case, when her damages would be limited to the actual injury. A recovery in either form of action would be a bar to an action for the same cause in another form; as, when the trespass is waived and assumpsit or trover is brought, either would bar an action of trespass. So trover or replevin may be concurrent remedies, and one action would bar the other: Van Dresor v. King, 34 Pa. 201, and cases there cited.

The acts alleged in the narr. were an injury both to the possession and the freehold. Moreover the injury was joint; a single act which affected both the plaintiffs, though in different degree. Under the circumstances, S. P. McIntire being out of possession, and the injury affecting both, they were compelled in bringing a joint action, to sue in case. This does the defendant no injury. It does not in any way interfere with the evidence they may have by way of defence; nor does it subject them to any risk of a second or other action for the same cause.

We are of opinion that it was error to quash the writ and declaration. The writ is entitled to stand, and the narr. can be moulded to suit the exigencies of the case.

Judgment reversed, and a procedendo awarded.