## City of Louisville v. Kramer's Admx.

(Decided December 10, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1.  Damages—Contributory Negligence—Instruction.—In an action for damages, it was not error to refuse an instruction on contributory negligence, as there was no evidence to support it.
2.  Limitation—Plea of.—The plea of limitation was not sustained, as the injuries complained of occurred within five years before the institution of the action.
3.  Sewers—Overburdening and Constructing—Negligence.—It is negligence for a city to overburden a sewer and to fail, when constructing a sewer, to provide it with sufficient catch basins.
4.  Damages—Recovery by Life Tenant—Criterion.—A life tenant has a right to recover for damages to the life use of property, when occasioned by negligence. The criterion of such a recovery is the depreciation of the rental value of the property while rented and the depreciation in the value of its use while used, together with the value of her time and money spent in repairing the property.
5.  Instructions—Criterion of Recovery—Verdict—Evidence.—While the instruction complained of did not state the proper criterion of recovery, the error was prejudicial to appellee and not appellant, therefore, as it appears the verdict is supported by the evidence, and appllant's substantial rights were in no way prejudiced, the case will not be reversed.

HUSTON QUIN, CLAYTON B. BLAKEY for appellant.

JACOB SOLINGER and O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

One Frederick Kramer owned a lot with a hundred
and thirty-five foot front and a hundred and twenty-
five feet deep on a corner of Clay and Ormsby streets in
the city of Louisville, upon which was a house worth
about $2,500. The lower floor of the house was a store-
room. Prior to 1903 Frederick Kramer died leaving a
will in which he devised this property to his widow,
Gertrude Kramer, for life with remainder to his chil-
dren. In 1898 the city constructed a thirty-six inch
sewer along Ormsby street which, prior to February,
1903, caused the water to overflow this property when
there was an exceedingly hard rain. In February, 1903,
the city constructed or reconstructed Clay street with
vitrified brick and placed therein a twenty-seven inch
sewer, but, according to the proof, placed only two or
three catch basins therein, and several other streets in
that vicinity were constructed and drained into Clay
street. It appears from the testimony that, after these
streets were constructed and the sewer, which was pro-
vided with an insufficient number of catch basins, was
placed in Clay street, when an ordinary rain fell the
water would accumulate on the corner where appellee's
property was situated so fast that the sewers would
not carry it off and it would become two or three feet
deep and at times it would get deep enough to flow into
the lower floor of the house, and the basement of the
building was rendered useless for the purposes for
which it was constructed.

Appellee instituted this action February 12, 1908, to
recover $1,500 in damages which she alleged were occa-
sioned to her use of the property by reason of the over-
flows from the date of the construction of Clay street to
the time of filing the suit. She did not ask for any dam-
ages occasioned by the construction of the sewer in
Ormsby street, which the proof shows was sufficient to
carry off the water which drained to it during ordinary
rainfalls. Appellant, by its answer, denied the allega-
tions of the petition, entered a plea of contributory neg-
ligence on the part of Mrs. Kramer and a plea of the
statute of limitations.

Appellant asks a reversal of the case because the
lower court failed to give an instruction upon its plea
of contributory negligence, and calls attention to the
fact that one witness stated that a drain pipe was dis-
covered in the basement of appellee's house which was
about two feet from the bottom of the basement and

that the sewer in Ormsby street was also about two feet above the bottom of the basement. There is no proof by any witness that this drain pipe was connected with the sewer in the street; nor does the witness who testified to the above facts, or any other witness, state or even intimate that the water flowed through this drain pipe into the basement. No witness was asked about this matter. In order for the court to give an instruction on contributory negligence, it would have had to guess that the water flowed through the drain pipe into the basement, and this, of course, it was not authorized to do.

The plea of limitation was not sustained for the reason that the injuries complained of occurred within five years before the institution of the action. The sewer in Ormsby street might have been adequate to carry off the water that accumulated at appellee's property, at the time it was constructed, but it was insufficient to carry off the increased volume of water caused to collect at that place by reason of the construction of Clay street and the construction of other streets and their drainage into Clay street. Therefore, it was negligence in the city to overburden the sewer in Ormsby street and to fail to provide the sewer in Clay street with sufficient catch basins to receive the surface water which accumulated therein, and which, according to the testimony, caused the overflow of appellee's property. (City of Louisville v. Leezer, 143 Ky., 244.)

The testimony shows that the foundation of the building was constructed of brick, that there was a shed erected in front of the building; that the surface water which came down Clay street washed the sand and mortar from between the brick which caused the foundation to give way; that it flowed around the posts supporting the shed and caused them to decay; that appellee expended $97 in cash to repair the building; that she used the building a small portion of the time and rented it the balance of the time, and that, on account of the overflows, she had to rent the building for less than she did previous thereto.

The contention of appellant that appellee is not entitled to recover because she was only a life tenant is without merit. She had a right to recover the diminution in the value of her life use. Her criterion of recovery was the depreciation of the rental value of the property while she rented it and the diminution in the

value of its use while she used it, together with the value of her time and the money spent in repair of the damage done by the floods. (Hutchison v. City of Maysville, 30 Ky. L. R., 1173; City of Louisville v. Leezer, 143 Ky., 244, and Ewing v. City of Louisville, 140 Ky., 726; 131 S. W., 1016.) This action was based upon the theory that the city, by its negligent construction of the streets and sewers, caused the injury to appellee's property, and the above authorities are peculiarly applicable to this case.

Appellant complains, especially, of instruction No. 4, which is as follows:

"If the jury find for the plaintiff they should award her such damages as the jury may believe from the evidence will fairly and reasonably compensate the estate of Gertrude Kramer for any damage done to her use of the property mentioned in the evidence between February 12, 1903, and February 12, 1908, the award not to exceed the sum of $1,500, the amount claimed in the petition. If the jury find for the defendant they will simply say so by their verdict and no more."

This instruction was erroneous, but all the errors were prejudicial to appellee and not to appellant. The instruction should have allowed her to recover the reasonable depreciation of the value of the use of the property while she occupied it, and to recover the rental decrease, if any, while she rented it, and to recover the cost of the repairs which had to be made upon the property by reason of the overflows. These matters were all in evidence, and the verdict shows that the jury considered them. The evidence supports the verdict, and we are not authorized to reverse a case when, upon the whole record, it appears that the substantial rights of the appellant has not been prejudiced.

For these reasons, the judgment of the lower court is affirmed.