## Adams, et al. v. Bates.

(Decided May 31, 1921.)

### Appeal from Knott Circuit Court.

1. Waste—Liability of Tenant for Life.—A tenant for life, or years, of real estate, or his grantee is liable to the remainderman for waste of same or of anything belonging to the tenement so held, committed during his estate, without special license in writing so to do; and in an action by the remainderman for such waste he may be compelled to respond in damages and in addition lose the estate or thing wasted.

2. Waste—Proceedings.—Such action may be maintained by the remainderman, "for waste done in the time of his ancestor, as well as in his own time;" but in either case, in the absence of infancy or other disability on the part of the plaintiff having the effect to suspend the running of the statute of limitations, the action must be brought within five years after the commission of the waste, as provided by section 2515, Kentucky Statutes.

SMITH & COMBS for appellants.

A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by the appellants, Robert Adams and others, named in the petition as plaintiffs, against the appellee, Robert Bates, seeking to recover of the latter damages for the alleged wrongful cutting and appropriation by him of valuable standing timber on and from a tract of land in Knott county, particularly described in the petition. It is alleged in the petition that one John B. Adams, then domiciled in Knott county, died

in 1882, intestate, survived by his wife, Lucy Adams, and seven children, the appellants being five of the seven; that John B. Adams owned at the time of his death several tracts of land, including that described in the petition, and that in a partition subsequently made of these lands the tract described in the petition was allotted to the widow as dower and in full of her share as widow in the entire landed estate of the decedent. That thereafter the widow, Lucy Adams, by a second marriage became the wife of Jason Craft, who, while living with her on the dower land, by purchase and through a deed from Margaret Adams, a sister of appellant and daughter of John B. Adams, acquired title to her remainder interest as an heir at law of the latter in the land allotted the widow as dower, which was an undivided seventh thereof, subject to the life estate of Mrs. Craft.

It appears from other averments of the petition that Lucy Craft and Jason Craft, by a joint deed, executed in 1890, sold and conveyed to the appellee, Robert Bates, their joint and several interests in the land described in the petition, that of Lucy Craft being her dower or life estate therein, and that of Jason Craft the undivided seventh in remainder conveyed him by Margaret Adams. The deed from the Crafts to the appellee Bates also conveyed him whatever right, actual or potential, either of the grantors might have had in the interest of the other in the land. The deed thus executed was accompanied by the delivery to Bates of the possession of the land thereby conveyed. He thereafter purchased of another child and heir at law of John B. Adams, deceased, his undivided one-seventh interest in remainder in the dower land, and received of the vendor a deed therefor. Appellee remained in exclusive possession of the land in question from the date of its conveyance to him in 1890, certainly until the death in 1917 of Lucy Craft, which had the effect to terminate the life estate she conveyed him in the land. Whether he is yet in possession thereof the petition fails to disclose. It does allege, however, that he now is the owner in fee simple of an undivided two-sevenths of the land and that the appellants as children and heirs at law of John B. Adams, deceased, own, by like title the remaining five-sevenths, or, more accurately speaking, an undivided interest of one-seventh each. It also alleges, in substance, that the appellee unlawfully cleared and destroyed timber from much of the land,

none of which clearing or destruction of timber was reasonably necessary for the upkeep of the land or its use by the life tenant; and that such unnecessary clearing of the land and destruction of timber by appellee was without appellants' knowledge or consent and all done prior to the death of Lucy Craft, the former widow of John B. Adams, and, consequently, before the termination of the life estate which she in conjunction with her second husband conveyed him in the land. By its final averment the petition lays the damages to the land and to the joint owners' rights of property therein, resulting, as alleged, from the appellee's wrongful cutting and destroying of timber thereon, at $10,000.00, for five-sevenths of which amount judgment was prayed by the appellants.

The defense interposed by the appellee to the cause of action alleged in the petition was set forth in an answer of five paragraphs, the first of which traversed substantially the averments of the petition, except such as alleged the sale and conveyance to appellee by Lucy Craft and Jason Craft of their respective interests in the land in question, including the remainder interest therein acquired by the latter of Margaret Adams. In the second paragraph it was alleged that the land described in the petition never belonged to John B. Adams, but was a part of a large tract formerly owned by one Robert Hamilton, the father of Lucy Adams, later Lucy Craft, and in the division of Robert Hamilton's lands among his heirs at law after his death was alloted with another parcel to his son James Hamilton, who, in 1893, sold and conveyed it to the appellee; and that his claim of title to and possession of the land, notwithstanding his previous purchase of the interest of Lucy Craft and that of her daughter Margaret therein, from and since the execution to him of the Hamilton deed, has been under and by virtue of that deed. In the third paragraph divers patents were set forth granting to various persons, assignors or grantors as claimed, of Robert Hamilton, lands alleged to have embraced, in whole or in part, the tract described in the petition. This paragraph also alleges that the land in controversy had been held in actual possession by appellee under claim of the title conveyed him by the James Hamilton deed, adversely to appellants and all others, for more than fifteen years before the institution of their action, and pleaded the statute of limitations of fifteen years as a bar to the latters' claim of title thereto, and

also as to their claim to damages for appellee's cutting of timber thereon.

The fourth paragraph of the answer admits the cutting by appellee of sixty-five poplar trees on and from the land in question, and alleges that it was done in the necessary clearing of a small part of the land actually required for its reasonable cultivation and improvement, and that the material from trees so cut was necessary for use, and was used, in inclosing the land. In the fifth paragraph it was alleged that the clearing of land and cutting of timber complained of in the petition was done and committed more than five years before the institution of the action, and that any right of action the appellants may have had for the recovery of damages therefor, was and is barred by the statute of limitations of five years, which was formally pleaded.

The appellants filed a general demurrer to the answer and each paragraph thereof and, without waiving their right to insist upon the demurrer, also filed a joint and several reply which, after traversing the affirmative allegations of the answer, substantially averred that all matters pleaded therein in support of appellee's claim of title to the land in question through James Hamilton and others, alleged to be superior to that conveyed him by Lucy and Jason Craft, and also to that asserted by appellants, were put in issue, litigated and determined in an action brought against him by appellants in the Knott circuit court to quiet their title as heirs at law of John B. Adams to a remainder interest of five-sevenths then asserted by them in the land, in which action, as also alleged in the reply, every contention as to title now urged by appellee in the case at bar was decided by the judgment of the Knott circuit court against him and in behalf of appellants, and which judgment, as further alleged, declared the appellants the owners in remainder of five-sevenths of the land in controversy, and awarded them their costs expended in the action; moreover, that the appellee prosecuted an appeal from the judgment to the Court of Appeals, and it was by that court affirmed, all of which occurred before the death of Lucy Craft. The judgment refered to was pleaded in the reply in estoppel of and as a bar to the claim of title to the land attempted to be asserted by appellee in the present action. Following the filing of the reply the case was submitted on the appellants' demurrer to the appellee's answer, where-

upon the circuit court refused to sustain it as to the answer, but held that it should be extended or carried back to the petition and sustained to that pleading; and this was done because of the court's opinion that appellents' right to recover of appellee damages for the cutting of timber by the latter complained of in the petition was confined by the statute of limitations to five years next before the institution of the action, and that as the petition did not allege that such cutting of the timber by appellee was done within five years next before the institution of the action, it failed to state a cause of action. Appellants refused to plead further and the petition was dismissed. Excepting to all of these rulings and the judgment entered thereon they have appealed.

While the petition is in some respects awkwardly expressed and some of its averments of fact barely sufficient to present the full meaning of the pleader, we have reached the conclusion that, considered as a whole, it reasonably well states a cause of action for voluntary waste as allowed by Kentucky Statutes, sections 2328 to 2336, inclusive.

Section 2328 provides:

"If any tenant for life or years shall commit waste during his estate or term, of anything belonging to the tenement so held, without special license in writing, so to do, he shall be subject to an action for waste, shall loose the thing wasted, and pay treble the amount at which the waste shall be assessed."

Section 2329 permits the bringing of such action by one who has the remainder or reversion in fee simple after an intervening estate for life or years, and also by one who has a remainder or reversion for life or years, each being entitled to recover such damages as it shall appear he has suffered by the waste complained of. Section 2330 gives an heir the right to bring and maintain an action for waste done in the time of his ancestor, as well as in his own time. Section 2332 makes a tenant in common, joint tenant or parcener who commits waste liable to his cotenants jointly or severally for damages, while section 2334 provides:

"If, in any action for waste, the jury find that the waste was wantonly committed, judgment shall be entered for three times the amount of the damages assessed."

No claim seems to be made in this action for punitive damages. The appellants only seek to recover actual damages for waste committed upon the land by the grantee of the life estate, limited to the injury caused to the remainder interest of each of them, and while the entire value of the timber destroyed is placed at $10,000.00 they only demand the recovery together of five-sevenths thereof, or a seventh each, recognizing that appellee, as the owner of two-sevenths of the land in remainder at the time the waste was committed, is entitled to credit on the total value of the timber destroyed for two-sevenths thereof. Appellants are not, therefore, suing appellee as a joint tenant for waste committed by him to the land since the termination of the life estate he purchased therein from the widow of John B. Adams. They did not have to delay until after the termination of the life estate by the death of Lucy Craft, formerly widow of John B. Adams, the bringing of the present action against her grantee for waste committed by him to or upon the land before her death. On the contrary it might have been brought at any time before her death and the consequent termination of the life estate therein she conveyed appellee. Hence we agree with the circuit court that the statute of limitations began to run against appellants' claim for damages when and from the time they might or could have sued therefor, and as the period of limitation fixed by secton 2515, Ky. Stats., applies, if the cutting of timber by appellee on the land complained of occurred more than five years before the institution of the action the statute will bar a recovery.

We do not, however, agree with the circuit court that the failure of the petition to allege that the cutting of timber on the land causing the waste complained of occurred within five years before the institution of the action, made it bad on demurrer. It is true the petition does not state when the timber was cut, whether five or twenty years before suit. Its averments go no farther than to say the cutting was done before the termination of the life estate purchased by appellee of Mrs. Craft, and though her death is alleged to have occurred at a date much less than five years next before the institution of the action no inference can be drawn from that averment as to when the timber was cut or the statute began to run. Besides, we time and again have held that it is unnecessary for the plaintiff to allege in the petition

when the cause of action accrued or to state such facts
as will show it is not barred by the statute of limitations,
but that the statute of limitations, if relied on as ground
of defense, must be pleaded by the party seeking its pro-
tection. Chiles v. Drake, 2 Met. 146; Yager v. Presdt, etc.,
Bank of Ky. 125 Ky. 177; Green Co. v. Howard, 127 Ky.
379. "The reason for the rule," as was said in Green
Co. v. Howard, *supra*, "is that there may have been
something obstructing the running of the statute."

It is claimed in the brief of appellants' counsel that
the running of the statute has been obstructed in the case
at bar by the infancy of the appellants, or some of them,
and that by reason thereof the statute was suspended
during the time their disability prevented them from
suing. We have failed to find in any of the pleadings an
averment or intimation that the appellants or any of
them were infants when the waste sued for was commit-
ted, and if such infancy existed or is intended to be re-
lied on it must, like the statute of limitations, be pleaded.
It follows from the conclusions we have expressed that
the ruling of the circuit court sustaining the demurrer to
the petition was error.

As all claims of title asserted by appellee in his ans-
wer to the land involved in this action, except as admit-
ted in the petition, were rejected by the judgment in the
previous action between the parties, it is only necessary
to refer to the opinion of this court in Bates v. Adams,
etc., 182 Ky. 100, to ascertain the rights both of appel-
lants and appellee in the land. That opinion settles
every question of title raised in the case at bar and fixes
it in the parties respectively as we have already stated.
Hence the circuit court should have sustained appellants'
demurrer to all of the answer, except the paragraphs
pleading the statute of limitations of five years, the para-
graphs putting in issue the quantity of timber cut by ap-
pellee, its value to the land as standing trees at the date
of the cutting, whether it was used in fencing the land
and such use was reasonably necessary for that purpose,
and whether or not appellants had knowledge of and
acquiesced in the cutting of the timber when it was done.
Upon the return of the case to the court below it should
require the pleadings to be so reformed as to properly
present the issues as above stated.

For the reasons stated the judgment appealed from is
reversed and cause remanded with directions to the cir-

cuit court to overrule the demurrer to the petition, sustain the demurrer to such of the paragraphs of the answer as have been indicated, and for further proceedings consistent with the opinion.