## Cox et al. v. Corrigan-McKinney Steel Company.

(Decided March 24, 1933.)

J. H. ADKINS and CHILDERS & BOWLES for appellants.

J. R. JOHNSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER.
—Reversing.

This suit was filed by the appellants, Alcie Cox, her children and grandchildren, jointly, against the appellee to recover damages for the wrongful removal of the subjacent support of their property by mining and removing coal in and under it without leaving adequate support, by which the surface owned by them and in their possession was caused to open up with large fissures, destroying and lessening its adaptability for cultivation and for agricultural purposes, diverting the natural flow of water thereon, polluting and destroying the water and vegetation, and injuring the timber. There was filed with the petition a copy of the deed by which their title was acquired. A general demurrer was sustained to the petition on the ground, as stated in the brief, that the trial court construed the deed as vesting a life estate in Alcie Cox and contingent remainder in her heirs, who had no right to maintain the action. The plaintiffs suffered the dismissal of their petition by declining to plead further, and bring this appeal.

The debate of counsel is centered upon the construction of the deed, that is, whether the remainder estate is vested or contingent. The deed is crudely drawn and its ambiguity presents some difficulty of interpretation. However, it does not seem to us necessary now to construe it. Assuming, without deciding, that there is a life estate in Alcie Cox and a contingent remainder in the others because of the use of the word "heirs," we are of the opinion that the joint action is maintainable.

It is conceded that a life tenant has a cause of action against a stranger for damages by way of diminution in the value of her life estate. City of Louisville v. Kramer's Adm'x, 151 Ky. 117, 151 S. W. 379. Nor is it questioned that vested remaindermen may maintain an action for injury to the reversion without

waiting for the termination of the life estate. Yeager v. Bank of Kentucky, 127 Ky. 751, 106 S. W. 806, 32 Ky. Law Rep. 547, 16 Ann Cas. 537; Adams v. Bates, 191 Ky. 710, 231 S. W. 238; annotations, L. R. A. 1916A, page 794. It may be further said that while contingent remaindermen may not recover damages against the life tenant for permissive waste committed by him, they may enjoin his contemplated waste. Fisher's Executor v. Haney, 180 Ky. 257, 202 S. W. 495. They may also sue grantee of life tenant who permitted land to be sold for taxes to set aside the tax title acquired by him. Ford v. Hurt, 127 Tenn. 557, 155 S. W. 927. Before expiration of the preceding estate remaindermen may sue to have their rights adjudicated where adverse claims are being asserted against them. Bowe v. Richmond, 109 S. W. 359, 33 Ky. Law Rep. 173; Wells v. Cornish, 237 Ky. 236, 35 S. W. (2d) 309. Whether they may maintain an action for damages to the remainder against a stranger separately from the life tenant is a question not before us. The question is whether the life tenant and those having a contingent estate, dependent upon their surviving the former, can unite to recover damages for both the diminution in the value of the use and in the permanent injury to the property. Section 22 of the Civil Code of Practice provides:

> "All persons having an interest in the subject of an action and in obtaining the relief demanded may be joined as plaintiffs, unless it is otherwise provided in this Code."

We can preceive no reason why this provision is not applicable. The plaintiffs as contingent remaindermen do have an interest in the estate, although it may be lost by the prior death of the mother and grandmother. That it is not chimerical estate, but a real and existent one, is fully recognized. Under the provisions of section 2341 of the Statutes, a contingent remainder may be subjected, mortgaged, sold, and conveyed; the grantee taking subject to the contingency. Bank of Taylorsville v. Vandyke, 159 Ky. 201, 166 S. W. 1024; Lindenberger v. Cornell, 190 Ky. 844, 229 S. W. 54. Clay v. Clay 199 Ky. 4, 250 S. W. 829. Under sections 491 and 491a, Civil Code of Practice, the court is authorized to sell for reinvestment land owned by a life tenant and contingent remaindermen when

not forbidden by the deed, will, or contract under which the property is held. Living prospective contingent remaindermen must be made parties, and those not then apparent or not in being are bound by the proceedings by representation. McClure v. Crume, 141 Ky. 361, 132 S. W. 433; Tierney Coal Company v. Bailey, 172 Ky. 362, 189 S. W. 241. When necessary parties to such proceedings, contingent remaindermen may join as plaintiffs. Goff v. Renick, 156 Ky. 588, 161 S. W. 983; Wittaker v. Chenault, 192 Ky. 81, 232 S. W. 391, 392. The contingent remaindermen in this case as plaintiffs not only represent themselves, but under the doctrine of virtual representation it may be said they represent those who ultimately will come into the entire estate. Masonic Widows' & Orphans Home v. Hieatt Bros., 197 Ky. 301, 247 S. W. 34. Such undetermined parties would be in privity with them. Freeman on Judgments, sec. 438; Wolff & Sons v. New Zealand Insurance Company, 248 Ky. 304, 58 S. W. (2d) ——, decided March 21, 1933. Surely the right to sue for the alleged serious permanent damage to the property, which will extend beyond the life estate, need not be delayed until a possible remote period when conditions demand present action. The matter of limitations is a very important consideration in this connection, for the right to recover damages to the reversion may become lost by the time the estate becomes vested. Cf. Adams v. Bates, 191 Ky. 710, 231 S. W. 238.

The case of McIntire v. Westmoreland Coal Company, 118 Pa. 108, 11 A. 808, was a suit by the life tenant and remaindermen against the coal company for damages to the surface by reason of the undermining of the land through the extraction of coal, and it was held proper for the parties to join in the suit. We quote the reasons given by the court:

"There can be no doubt that the life tenant might have brought her action of trespass for the disturbance of her possession, and the remaindermen might have brought an action on the case for the injury to the reversion. That is not the question, however. We are to consider whether they had the right to join, and in one action recover, the injuries to the possession and the remainder. We may observe here that we are unable to see how

such joinder could possibly injure the defendant. A recovery in such suit would be a bar to any subsequent action by either for the same cause. 'Aside from that, the defendant will have to incur the risk of having to pay more money with two actions than with one, besides additional costs. The only inconvenience in the case which we can see would be the difficulty of apportioning the damages, in case of a recovery, between the life- tenant and the remainderman. But this is a difficulty with which the defendant has no concern. It would be protected in any event. The law abhors circuity and multiplicity of action. In the somewhat analogous case of the assessment of damages for land taken by a railroad company by virtue of the right of eminent domain, the law permits all the damages to be assessed upon one petition, whether such damages be sustained, by the tenant for years, tenant for life, or remainderman.''

In Whitesides v. Dorris and Wife, 37 Ky. (7 Dana) 101, several slaves were owned by Mrs. Dorris for life with remainder over to her children. (The law imparted to slaves the fictitious quality of realty to some extent. Sneed v. Ewing, 28 Ky. [5 J. J. Marsh.] 460, 22 Am. Dec. 41.) It appeared that Whitesides had wrongfully sold the slaves which had been mortgaged to him and put in his possession. Dorris and wife sued Whitesides for their restitution or their value and hire. The children, who were infants, were made defendants by their guardian ad litem. They joined in with the plaintiffs in seeking substantially the same relief and asking that upon the recovery of their value the sum be invested for them. It was held that judgment against Whitesides for the entire value of the slaves was proper. We quote these pertinent portions of the opinion:

"When the whole absolute estate is in Dorris and his children, all of whom are parties, and praying for a restitution of the slaves, or their value upon the failure or refusal to restore them, especially when it turns out that they have been run out of the country, and no attempt or proffer made to restore them, or any reasonable likelihood that they can ever be restored, we can perceive no good reason why a decree for their full value may not be

taken, to be divided out according to the several interests of the parties concerned. Whitesides, to whom, upon the mortgage, the custody of the slaves was committed, has no right to complain, as he, by his own act, in violation of his contract, has put it out of his power to place the slaves in statu quo. Nor has Powell, who has run the slaves off, and no doubt pocketed their full value, a right to complain. And the children of Mrs. Dorris, who have, by their acts, been deprived of the means of taking the immediate possession of the slaves and their increase, upon the termination of the particular estate, have been injured, and are not bound to wait until, by the lapse of time, they may lose the evidence to establish their right, or until Whitesides and Powell may fail, or remove themselves and property out of the State. Besides, Dorris or his representatives might be made liable to his children after the termination of his life estate, and if he could not recover the full value from his bailee, he might be left without indemnity for his liability over.''

It was further held in that opinion that the parties recovering would be estopped to sue again, and also that the value of the life estate and of the remainder in the slaves should be ascertained and a decree entered according to the principles of equity for the protection of the remaindermen.

In the abstract opinion of the Superior Court in Elizabethtown, etc., Railroad Company v. Price, 11 Ky. Law Rep. 367 (not elsewhere reported), the right of the tenant and the owner of land in his possession to join in one action to recover for injuries to the possession or value of its use and to the land itself was upheld.

The opinion of Rogers v. Atlantic, Gulf & Pacific Company, 213 N. Y. 246, 107 N. E. 661, L. R. A. 1916A, 787, Ann Cas. 1916C, 877, is a learned and historical treatment of the doctrine of waste. It was therein held that a life tenant may recover damages for injury to both the life estate and the remainder from one negligently setting fire to the property, upon the theory that he is a trustee in possession for the remainder. It is appropriate to note the treatment by the court of the money recovered, namely:

"The recovery in this case might be treated as a substitute pro tanto for the land damaged, as would be the case of the proceeds of a sale (see Ackerman v. Gorton, 67 N. Y. 63); the plaintiff being entitled to the life use of it, and becoming trustee of the principal for the remaindermen. See Smith v. Von Ostrand, 64 N. Y. 278; Leggett v. Stevens, 185 N. Y. 70, at page 76, 77 N. E. 874. The recovery might be apportioned between life tenant and remaindermen according to their respective interests, and the court might require the life tenant, if entrusted with the principal, to give security. See Matter of Camp, 126 N. Y. 377, 27 N. E. 799; Matter of McDougall, 141 N. Y. 21, 35 N. E. 961. It is for the court to make proper provisions for the protection of the rights of remaindermen. The wrongdoer is only concerned in being protected from a second suit, and we are of the opinion that it must be held, as a necessary corrollary to the proposition that the life tenant may recover all the damages, that such a recovery will bar an action by the remaindermen."

The full annotations to this case in L. R. A. 1916A, 792, under the title, "Rights of Action in Case of Damages to Remainder or Reversion by Stranger," will be found of interest.

It seems to the court that the right of contingent remaindermen to join with a life tenant to recover such damages to the land as is alleged in the petition is sustained by reason and authority.

Wherefore the judgment is reversed, and the case remanded for consistent proceedings.