# Beck et al. v. Lynch.

November 25, 1947.

Rehearing denied March 26, 1948.

E. B. Beatty, Judge.

Shumate & Shumate for appellants.

J. W. Walker for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellee in her petition alleged that she was the owner of a described tract of land from which appellants cut and removed timber to the value of $800, de-

stroyed fencing of the value of $100, and small trees of the value of $100. Alleging that the trespass was wanton and unlawful, she prayed for $500 punitive damages. She set up grounds for attachment, which was sustained.

The answer of appellants following general demurrer, which does not appear to have been ruled upon, denied material allegations as to ownership and unlawful removal of timber, and alleged that since October 1938, they had been and were the owners of a described tract, followed by the allegation "that to the extent, if any, the description of the land in the petition conflicts with the lands of aforesaid, these defendants deny plaintiff owns or has ever owned." Demurrer to this pleading was overruled; reply in denial joined issue at that time.

After introduction of evidence the court instructed the jury on the matter of actual adverse possession by plaintiff of the land described in her petition, and that if they believed from the evidence that the fence was an agreed line, they should find for plaintiff. The remainder of the instructions offered and given, had reference to the amount of damages, to be found separately. It is apparent that all parties treated the pleading as involving the question of adverse possession, which as we read the pleading is doubtful.

The jury returned a verdict for "$600 for timber removed; $25. for damage to growing timber; $25 for the fence," and judgment was entered accordingly. On appeal appellants contend: (1) That the court erred in permitting appellee, life tenant, to recover for the timber removed, and that error was not cured by a waiver filed after judgment by the remaindermen; (2) in not sustaining motion to strike the waivers because filed in vacation, and (3) in sustaining the attachment; lastly, (4) in giving instructions to the jury.

The specific objections to instructions relate to No. 1, as given by the court, and "A" offered by the defendant and rejected by the court. The only argument is that the court should have given "A" rather than "No. 1," both relating to the issue of adverse possession; that "A" would have presented the issue in a more simplified form, without pointing out any substantial

objection to "No. 1," which correctly presented the law. Objection to No. 2, is that which advised the jury that if at the time of the deed to Devella Beck, Mrs. Lynch was in adverse possession, they should find for her. This savors of an instruction on the effect of a champertous transaction, not specifically plead, but the evidence was sufficient to show that appellee was in possession at the time of the deed to Devella Beck. The main objection is to the failure of the instruction to mention appellee's ownership, but reading all the instructions together, we cannot conceive that the instruction was misleading or prejudicial.

There is little discussion as to the court's ruling sustaining the attachment, it being argued that the evidence was insufficient to support the statement contained in the affidavit that appellants had sold or were about to sell or dispose of their property with fraudulent intent, &c. The affidavit alleged a lack of sufficient property subject to execution to satisfy or endanger collection of judgment. These grounds form the basis for attachment by plaintiff "as a security for the satisfaction of such judgment as may be recovered." Civil Code of Practice, Sec. 194. From the proof we cannot say that the court abused his discretion in sustaining the attachment. We note that appellant has executed a sufficient supersedeas bond, so it may be assumed that no sale of the attached property has followed.

The controversy most discussed in briefs is that set up in ground (1) which arose in this manner: Mrs. Lynch had alleged that she was the owner in possession of the tract from which appellees admittedly cut and removed timber. While testifying she produced her deed showing title, and from a reading it developed that the deed executed by her husband in 1925, conveyed to her only a life estate with "remainder to my heirs at law." Mrs. Lynch testified and introduced witnesses who testified in her behalf, without objection to any testimony, based on the ground later interposed.

At the conclusion of all her evidence the court overruled defendants' motion for a directed verdict; they then moved the court to exclude "all evidence concerning the amount and value of timber alleged to have been removed, on the ground that 'plaintiff as life tenant

does not have the right to recover for the timber removed, the cause of action for the value of the timber being in the heirs of W. R. Lynch.' " There was no motion to dismiss the petition on the grounds of lack of capacity to sue, or of a lack of proper parties. It is contended that the procedure adopted by defendants was proper, since the question of capacity to sue, or lack of parties, should have been raised by special plea, or special demurrer. The fact developed by the deed, that of life. tenancy, was known to appellant Whitney Beck before suit was filed, since he said that when he approached appellee for the purpose of renting some of the property he was informed that she had only "a lifetime dower." We have held that where the court had jurisdiction, the defect of parties, if any, was waived by a complaining party who had failed to make objection, distinctly specified by demurrer or answer or other proper pleading, until after the issues had been completed or proof taken. State Farm Mutual Auto Ins. Co. v. Hall, 292 Ky. 22, 165 S. W. 2d 838.

However, appellants' argument goes not so much to the question of appellee's right to sue, as to her right to recover for the removal of the timber. That Mrs. Lynch had the right to maintain action and recover for the value of fencing destroyed, which was an injury and damage to her present interest, is apparently conceded by appellants, who after judgment moved the court to require appellee to execute a forthcoming bond in the sum of $625, and that if that be not done judgment be rendered only for her present value or use of $625.

The argument as to waiver arises in this way: After judgment was rendered appellee filed writings signed by three children of W. R. Lynch, deceased, and four grandchildren of a deceased daughter, in which they, for consideration, waived all right and interest in the judgment, and all right they had or might have against defendants or either of them by reason of the removal of the timber. The court overruled appellants' motion to strike, based on the ground that it was filed in vacation and after judgment had been rendered.

Counsel for appellants point out no valid reason why the court should have stricken the waivers or set

aside the order filing them. The order appears as an order of court in this record, and properly so under Sec. 367a-8, Civil Code of Pactice. Section 194, Civil Code of Practice, provides that the court must disregard any error or defect in proceedings which do not affect the rights of the adverse party, and no judgment shall be reversed by reason of such error or defect. Here, since the court overruled the motion for indemnifying bond, appellant should, for his protection, take the position that the waivers should remain a part of the record, since it will and does have the effect of estopping the signers from proceeding against appellants for the damage suffered; they should be held bound just as if they had been parties to the suit. Some suggestion is made that the waiver does not show that those who signed constituted all the heirs of W. R. Lynch, without indicating there were others. As we read the proof, it tends to show that they were the only heirs. The record does not show that the case was stricken from the docket, or filed away. If it should be developed that there are other heirs, then the court should require some form of security to protect not only them but the appellants.

Appellants stress the point that the life tenant could not recover damages for more than her present interest, and this is admitted. That she should have joined the heirs as plaintiffs, or made them defendants goes without saying, but this omission was waived by the method of procedure, and if not then by the waivers, which as we have indicated serve as assurance that appellants are protected from any future action on their part.

That appellee had the right to maintain the action is made clear by reference to Cox v. Corrigan-McKinney Steel Co., 248 Ky. 426, 58 S. W. 2d 625, not so much on the theory, as urged by appellee, that the life tenant is liable to the remaindermen for permissive or voluntary waste, as on the ground that the life tenant occupied the position of trustee in possession of the future estate, provided always that the life tenant must furnish sufficient security to protect the remaindermen, and in so doing protect the wrongdoer. The Corrigan case cites several cases from other jurisdictions which lay down this principle, giving potent reasons for its application,

one being the possibility of the remaindermen suffering the loss or right of action by reason of limitation statutes, another that the remainder might be contingent and it could not be then ascertained who would come into the ultimate estate.

However, we need not discuss this question further, since as we view the record, appellants were not prejudiced by any alleged error.

Judgment affirmed.