## Stanish v. Danelevitz

Before Marshall, Kennedy and Weiss, JJ.

*Rahauser, Van der Voort, Royston, Robb & Leonard,* for plaintiff.

*Frank R. Bolte,* for defendant.

WEISS, J., December 11, 1950.—This is a suit in trespass to recover compensatory and punitive damages alleging the malicious prosecution and the false arrest of minor plaintiffs.

Defendants filed preliminary objections to this action, stating among other reasons that the "pleadings are defective because of the improper joinder of plaintiffs".

Defendant filed a praecipe placing this matter upon the argument list, and it now comes for disposition before this court en banc.

### Questions Involved

1. Have the parents a good cause of action in this proceeding in their own right?

2. Did the proceedings terminate favorably for minor plaintiffs?

3. Does this complaint set forth a cause of action?

### Discussion

Defendant's counsel argued before this court that the parents cannot sue in their own right for the

arrest of a child. He maintained that this is a personal action and that the father cannot bring action to recover in his own right because of a wrongful prosecution of a minor son. In his brief he relied on 34 Am. Jur. 754, §82:

"The right, however, seems to be purely a personal one. Thus, it has been held that a father cannot bring an action to recover in his own right because of a wrongful prosecution of his minor children which has caused suffering to him."

However, we agree with plaintiffs that the above quotation from American Jurisprudence is misleading, because counsel did not set forth the complete section which in its entirety provides:

"The right, however, seems to be purely a personal one. Thus, it has been held that a father cannot bring an action to recover in his own right because of a wrongful prosecution of his minor children which has caused suffering to him, although he may bring the action in the capacity of tutor for the injured minors, *and may sue for a malicious prosecution of a child which results in actual loss of his services.*" (Italics supplied.)

True, there was no arrest of the parents, but it does not follow that the parents did not suffer any damages as a result of the malicious and illegal arrest.

We recognize that on the face of these proceedings the parents can recover only nominal damages but there can be no question of the father's right to bring an action where actual force is used upon the person of his minor child: Woeckner v. Erie Electric Motor Company, 182 Pa. 182; Hoover v. Heim, 7 Watts 62; Hollinger v. Risser, 39 Lanc. 45.

This right is distinctly set forth in Pa. R. C. P. 2228(b), which provides:

"If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action there-

for accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. . . ."

We are in unanimous accord that the parents in this proceeding have a cause of action in their own right.

We recognize that there is considerable merit to the various questions raised by defendants, but they cannot be disposed of summarily by this court but remain a question of proof to be disposed of by the court and jury upon the trial of this case.

The preliminary objections are hereby dismissed.